**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 14-cv-00955-RM-CBS

LNV CORPORATION,

    Plaintiff,

v.

M. JULIA HOOK, an individual;
THE PRUDENTIAL HOME MORTGAGE, INC.;
UNITED STATES OF AMERICA;
SAINT LUKES LOFTS HOMEOWNER ASSOC., INC.;
DEBRA JOHNSON, in her official capacity as the Public Trustee of the City and County of Denver, Colorado; and
DAVID L. SMITH, and individual.

    Defendants.

___

**ORDER DENYING
MOTION FOR A TEMPORARY RESTRAINING ORDER
AND/OR A PRELIMINARY INJUNCTION (ECF NO. 57)**
___

THIS MATTER is before the Court on Defendant M. Julia Hook's "Verified Emergency Motion for a Temporary Restraining Order and/or a Preliminary Injunction, and Request for an Evidentiary Hearing" ("Motion") (ECF No. 57), requesting this Court to issue a Temporary Restraining Order: (1) restraining Defendant/Crossclaim Defendant United States[1] from continuing levies on the social security payments of Defendant/Crossclaim Plaintiff Hook and Defendant David Smith; and (2) ordering the United States to immediately repay all social security payments levied on/confiscated from Hook and/or Smith. In addition, Hook seeks a hearing and

___

[1] The Internal Revenue Service was originally named as the defendant.

preliminary injunction, requesting substantial additional relief. The United States has filed an Opposition to Hook's Motion. (ECF No. 58.)

The Court has considered the Motion; relevant filings in this case; relevant documents in Civil Action No. 13-cv-01156-RM-KLM (hereafter "Hook/Smith Action"); and the applicable statutes, rules and case law. Upon consideration of the foregoing, and being otherwise fully advised, the Motion is DENIED for the reasons stated herein.

## I. BACKGROUND

In this case, Plaintiff LNV Corporation seeks a determination of the parties' respective interests in certain real estate located in Denver, Colorado ("Property"), and the judicial foreclosure of a Deed of Trust on such Property. Plaintiff alleges that defendant Hook may claim an interest in the Property as the owner, and that defendant United States has filed numerous notices of federal tax liens on the Property. At the time Hook filed her Motion, Smith was not a party in the action. Since then, Plaintiff has amended its complaint ("Second Amended Complaint") to add Smith as a party and alleged, among other things, that Hook fraudulently transferred an interest in the Property to Smith. (ECF No. 70.) Smith is Hook's husband, but he has not been served or appeared in this action.

In response to Plaintiff's original Complaint, Hook filed crossclaims[2] against the United States by incorporating the Verified Supplemental/Amended Complaint and Jury Demand ("Verified Complaint") filed in the Hook/Smith Action. (ECF No. 37.) Essentially, Hook

---

2 Hook titled her claims as "counterclaims." (ECF No. 37, p. 4.)

2

alleges the United States assessed and/or collected taxes, penalties, and other sums from her and Smith wrongfully under various provisions of the internal revenue laws. In "sections" of the Verified Complaint, she seeks: (1) a refund and/or credit for overpayment of tax and related deficiencies (Section II); (2) the release of federal tax liens (Section III); (3) the return of levied/seized property (Section IV); (4) the release of the continuing levy on Smith's social security payments (Section V); (5) a refund for amounts paid/overpaid (Section VI); (6) a refund/credit for penalties and interest, and request for their abatement (Section VII); and (7) to quiet title to real and personal property (Section VIII). As relief, Hook seeks, among other things, a credit or refund of amounts she and Smith paid in taxes, penalties, and interest, and the release of continuing levies on her and Smith's social security payments.

Currently before the Court is Hook's Motion seeking an order to restrain tax levies on her and Smith's social security payments as violative of the "15% rule" in 26 U.S.C. § 6331(h)(1), and to return all payments previously levied or confiscated since 2007 (as to Smith) and 2013 (as to Hook). Hook further requests that the Court hold an evidentiary hearing and grant preliminary injunctive relief by awarding almost all relief requested in the crossclaims. The Motion does not specify what, if any, additional evidence would be submitted for the Court's consideration at a hearing.

## II.  ANALYSIS

### A.  Requirements for a TRO or Injunctive Relief.

Where an opposing party actually receives notice of the application for a restraining order, the procedure that is followed is essentially the same as that on an application for preliminary

3

injunction.  *See* 11A Charles A. Wright et al., Federal Practice and Procedure § 2951 (3d ed. 2014).  Before a preliminary injunction may be issued, the moving party must establish: "(1) a substantial likelihood of success on the merits; (2) irreparable injury will result if the injunction does not issue; (3) the threatened injury to the movant outweighs any damage the injunction may cause the opposing party; and (4) issuance of the injunction would not be adverse to the public interest."  *Northern Natural Gas Co. v. L.D. Drilling, Inc.*, 697 F.3d 1259, 1266 (10th Cir. 2012) (internal quotation marks omitted).  "Generally, where the three latter harm factors weigh in favor of the movant, the probability of success factor is relaxed."  *Id.* (internal alterations and quotation marks omitted).  That is not the case, however, where the requested injunction is one of three disfavored types of preliminary injunctions, *i.e.*, those that alter the status quo, "mandatory" preliminary injunctions, and those granting the moving party all the relief it could achieve at trial.  *See id.*; *Flood v. ClearOne Commc'ns, Inc.*, 618 F.3d 1110, 1117 n.1 (10th Cir. 2010).  With disfavored injunctions, the movant must satisfy a heightened standard and make a "strong showing" as to the likelihood of success on the merits and that the balance of harms favors issuing the requested injunction.  *Northern Natural Gas Co.*, 697 F.3d at 1266; *ClearOne Commc'ns, Inc.*, 618 F.3d at 1117 n.1.

In this case, the Court need not decide whether a heightened standard applies as Hook cannot sustain her burden even under the "traditional" standard required for the granting of injunctive relief.  The Court also finds that, based on the record, no hearing is necessary in order to determine the merits of the Motion.  *Carbajal v. Warner*, 561 Fed.Appx. 759, 764 (10th Cir. 2014) (unpublished) (district court with discretion to decide whether to hold an evidentiary

4

hearing).

  **B.**  **Request for Relief for Smith.**

  Hook's Motion seeks relief for not only herself but also Smith.   Smith, however, was not a party to this action at the time the Motion was filed, and is now a party but has not entered an appearance in this case.   More importantly, having not yet appeared, Smith has no claims pending against the United States in this action.   As such, Hook cannot meet her burden of establishing this Court can or should grant relief as to Smith.[3]   Even, assuming, *arguendo*, relief for Smith may be considered, for the reasons discussed in Section II.C. below, Hook has failed to show the requirements for granting the requested relief are met.

  **C.**  **Request for Relief for Hook.**

  In support of her Motion, Hook incorporates by reference a number of documents mainly from the Hook/Smith Action.   Pointing to such documents, without discussion, Hooks argues summarily that they demonstrate the requirements for the issuance of a restraining order are established.[4]   This Court, however, is not required to comb through Hook's filings to find matters to support her position.   *Milton v. Daniels*, 521 Fed.Appx. 664, 668, 2013 WL 1165365, at *3 (10th Cir. 2013) (unpublished); *United States v. Griebel*, 312 Fed.Appx 93, 97, 2008 WL 1741503, at *4 (10th Cir. 2008) (unpublished).   Indeed:

---

3 Hook's "incorporation" of Smith's claims from the Hook/Smith Action in her crossclaims does not change this analysis.

4 Hook proceeds *pro se*, but the Court is not obliged to construe her pleadings liberally because she is a licensed attorney (ECF No. 57, p. 9).   *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001).

> incorporation by reference is a sorry briefing technique and it seldom (if ever) will be an adequate means to convey an argument to a court. *See In re Antrobus,* 563 F.3d 1092, 1097 (10th Cir. 2009) ("[W]e have disapproved of parties adopting their previous filings in lieu of fully setting forth their argument before this court."); *Concrete Works of Colo., Inc. v. City & Cnty. of Denver,* 321 F.3d 950, 979 n.14 (10th Cir. 2003) ("This court is under no obligation to consider arguments not fully set forth in a party's appellate brief, including arguments incorporated by reference to prior pleadings or other materials.")

*Milton v. Daniels*, 2013 WL 1165365, at *3 (brackets and quotation marks in original); *see also F.D.I.C. v. Schuchmann*, 235 F.3d 1217, 1230 n.11 (10th Cir. 2000). As such, Hook's summary reference to the alleged supporting documents does not satisfy her burden of establishing the four factors required for the issuance of a TRO or granting injunctive relief.

In addition, a review of the papers provides additional support that Hook has failed to establish such relief should be afforded. First, Hook has not established a likelihood of success on the merits or irreparable harm if relief is denied. Second, she has not shown that her claims would not otherwise be barred by the Anti-Injunction Act ("Act"), 26 U.S.C. § 7421(a).

### 1. No showing of likelihood of success on the merits or irreparable harm.

Hook has not shown, and the Court has not found, that *she* raised a crossclaim alleging a violation of the 15% rule under 26 U.S.C. § 6331(h)(1). Instead, the papers show it is *Smith* who has made such a claim (ECF No. 37-1, pages (pp.) 31 at ¶5, 51-53).[5] It is difficult to establish a likelihood of success on the merits of a claim not raised. Similarly, Hook has not established that

---

5 Hook did raise a violation of the notice requirements under § 6331(d) (ECF No. 37-1, p. 32 at ¶6), but that is not the basis for her Motion.

she would likely succeed in establishing a claim for the return of all payments previously levied or confiscated since 2013. Her conclusory assertions and allegations are simply insufficient.

Hook has also not demonstrated irreparable harm. "Irreparable harm" is "harm that cannot be undone, such as by an award of compensatory damages or otherwise." *Salt Lake Tribune Pub. Co., LLC v. AT&T Corp.*, 320 F.3d 1081, 1105 (10th Cir. 2003). Simple economic loss usually does not, in and of itself, constitute irreparable harm as such losses are compensable by money damages. *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003). There may be instances, however, where the economic harm is such that it cannot be rectified by financial compensation, such a party's imminent bankruptcy, *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 932 (1975), or where the party is so poor that it would be harmed in the interim by the economic loss, *Shattuck v. City and County of Denver*, 1 F. Supp. 2d 1235, 1239 (D. Colo. 1998) (company would be threatened with bankruptcy if forced to pay fee, which parties stipulated company is unable to pay). Here, however, Hook's bare statement of "abject poverty" is insufficient to constitute irreparable harm on the record before the Court. For example, Hook mentions no expense, other than health care, which would reduce her social security payment and provides no evidence that she cannot live on such amount. Also lacking is any evidence that the reduction in income would make bankruptcy imminent or cause other results which could not be compensated monetarily. Accordingly, Hook has not established that the requisite elements for relief are met.[6]

---

6 In light of the Court's finding as to the first two factors, it need not address the remaining factors.

7

**2.     No showing that the Act does not bar Hook's claims.**

Hook has not demonstrated that her claims would not otherwise be precluded by the Act. Under the Act, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). There are two judicial exceptions to the Act's bar to relief but Hook has not shown either applies. Under the first exception, the Act may not bar relief where Congress has not provided the plaintiff with an alternative remedy to challenge the validity of the tax at issue. *Ambort v. United States*, 392 F.3d 1138, 1140 (10th Cir. 2004) (citing *South Carolina v. Regan*, 465 U.S. 367, 373 (1984)). Under the second exception, suit is permitted where the taxpayer demonstrates that "1) under no circumstances could the government establish its claim to the asserted tax; and 2) irreparable injury would otherwise occur." *Souther v. Milhbachler*, 701 F.2d 131, 132 (10th Cir. 1983) (citing *Bob Jones Univ. v. Simon*, 416 U.S. 725, 737 (1974)); *Lonsdale v. United States*, 919 F.2d 1440, 1442 (10th Cir. 1990). In this case, Hook has not shown she has no alternative remedy. And, as discussed above, she has not established a likelihood of success on the merits. It therefore follows that she cannot demonstrate that under no circumstances could the United States establish its claim to the asserted tax. Finally, she has not presented sufficient evidence of irreparable injury. In summary, Hook's conclusory allegations and arguments fall far short from establishing either exception applies.

### III. CONCLUSION

Based on the foregoing, on the record before the Court, Hook's Motion for a temporary restraining order and/or injunctive relief is DENIED. It is therefore

ORDERED that Defendant M. Julia Hook's Verified Emergency Motion for a Temporary Restraining Order and/or a Preliminary Injunction, and Request for an Evidentiary Hearing (ECF No. 57) is DENIED; and it is

FURTHER ORDERED that Defendant M. Julia Hook's Motion for Expedited Handling of her Verified Emergency Motion for a Temporary Restraining Order and/or a Preliminary Injunction (ECF No. 62) is DENIED as moot.

DATED this 26th day of August, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge