## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Raymond P. Moore

Civil Action No. 14-cv-00955-RM-CBS

LNV CORPORATION,

      Plaintiff,

v.

M. JULIA HOOK, an individual,
THE PRUDENTIAL HOME MORTGAGE, INC.,
UNITED STATES OF AMERICA,
SAINT LUKE'S LOFTS HOMEOWNER ASSOC. INC.,
DEBRA JOHNSON, in her official capacity as the Public Trustee of the City and County of
Denver, Colorado, and
DAVID L. SMITH, an individual,

      Defendants.

_____

### ORDER ON:
### (1) DEFENDANT M. JULIA HOOK'S
### MOTION TO DISMISS SECOND AMENDED COMPLAINT (ECF NO. 87);
### AND
### (2) PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY
### IN OPPOSITION TO HOOK'S MOTION TO DISMISS (ECF NO. 105)

_____

THIS MATTER is before the Court on Defendant M. Julia Hook's Motion to Dismiss

Second Amended Complaint ("Motion") (ECF No. 87) seeking dismissal of Plaintiff LNV

Corporation's action to determine the parties' respective interests in a certain parcel of real estate

located at 5800 E. 6th Avenue Parkway, Denver, Colorado (the "Property"), to foreclose on such

Property, and to obtain a money judgment on a promissory note, as modified, secured by the

Property.   The Motion was brought under Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 12(b)(7).   LNV

filed a "Response to Hook's Motion to Dismiss Second Amended Complaint" ("Response") (ECF

No. 102), to which Hook filed a "Verified Reply to Response to Motion to Dismiss Second Amended Complaint" ("Reply") (ECF No. 104).   In addition, LNV filed a Motion for Leave to file Surreply in Opposition to Hook's Motion to Dismiss ("Motion for Surreply") (ECF No. 105), to which a response (ECF No. 106) and reply (ECF No. 109) were also filed.   In the Motion for Surreply, LNV asserts that Hook raises new arguments in her Reply, to which LNV seeks leave to respond.   Upon consideration of the Motion and related briefs, the Motion for Surreply and related briefs, the Court file, and the applicable statutes, rules and case law, and being otherwise fully advised, for the reasons stated herein, the Court: (1) DENIES the Motion for Surreply, as it will not consider matters raised for the first time in the Reply; and (2) DENIES Hook's Motion.

## I.   PROCEDURAL BACKGROUND

This action was filed on March 4, 2014, in the District Court, City and County of Denver, Colorado, by LNV against all currently named Defendants except for Defendant David L. Smith, Hook's husband.   On March 11, 2014, LNV served or attempted to serve Hook.   (ECF No. 70, ¶ 59.)   On March 20, 2014,[1] Hook recorded a Quitclaim Deed transferring title of the Property to herself and Smith as joint tenants.   On April 3, 2014, by Notice of Removal, Defendant United States of America removed the action pursuant to 28 U.S.C. § 1444.[2]   LNV was thereafter granted leave to file a Second Amended Complaint (ECF No. 70), adding Smith as a Defendant and claims for fraudulent transfers of the Property and a money judgment.   Hook now moves to dismiss the Second Amended Complaint arguing: (1) this Court lacks subject matter jurisdiction because LNV has failed to establish certain matters or certain claims are barred by the statute of limitations; (2)

---

[1] The Quitclaim Deed recites that it was made on January 15, 2012 and executed by Hook on January 14, 2012, but was not "acknowledged" by Hook, notarized, and recorded until March 20, 2014.   (ECF No. 70, Exhibit 18.)
[2] The United States also relied on 28 U.S.C. §§ 1441(b) and 1442(a)(1).

LNV has failed to state any claim for relief; (3) LNV has failed to plead fraud with particularity; and (4) LNV has failed to join indispensable parties under Fed. R. Civ. P. 19.

## II.    ALLEGATIONS IN SECOND AMENDED COMPLAINT

According to LNV, through a series of transactions, on or about February 2, 2010, it became the holder of a May 8, 2002, Promissory Note, as subsequently modified by a Loan Modification Agreement dated August 6, 2008, (collectively, the "Note"),[3] secured by a Deed of Trust ("2002 DOT") on the Property, all of which were executed by Hook.   Subsequent to LNV becoming the holder of the Note and 2002 DOT, the original Promissory Note was lost or misplaced.   Pursuant to the terms of the Note, Hook was required to make monthly payments but failed to do so and defaulted by failing to make payments due August 1, 2009 and thereafter.   By letter dated February 25, 2011, LNV notified Hook of its intent to accelerate the Note.   LNV now seeks to enforce its rights under the Note and 2002 DOT, and to foreclose on the Property.

The 2002 DOT, however, is not the only recorded encumbrance on the Property.   In addition to the 2002 DOT, the following are recorded: (1) nine federal tax liens recorded by the Internal Revenue Service ("United States" or "IRS"), for amounts owed by Hook and/or Smith, some of which were recorded prior to LNV's acquisition of the Note and 2002 DOT and some of which were recorded subsequently; (2) a Transcript of Judgment against Hook, recorded subsequently by Defendant Saint Lukes Lofts Homeowners Assoc., Inc. ("Saint Lukes"); and (3) a 1992 Deed of Trust (1992 DOT) executed by nonparty James E. Ehrlich ("Ehrlich"), recorded previously for the benefit of Defendant Prudential Home Mortgage Company's ("Prudential")

---

[3] The Loan Modification Agreement apparently also modified the 2002 DOT.   (*See* ECF No. 70-5.)

assignor,[4] which deed was satisfied prior to the recordation of the 2002 DOT but has not yet been released.   In addition, subsequent to, and with knowledge of, the filing of this lawsuit, Hook recorded a Quitclaim Deed, transferring her title to the Property to herself and Smith as joint tenants.

In this lawsuit, LNV sues Hook, Prudential, the United States, Saint Lukes, and Debra Johnson (the Public Trustee of the City and County of Denver).   LNV asserts claims for:

(1) Determination of Interests (First Claim) (all Defendants) – LNV seeks a determination that the 1992 DOT was paid and is not a valid lien on the Property, and that the interests of the IRS, Saint Lukes, and Public Trustee are subordinate/subject to LNV's interest by virtue of its 2002 DOT;

(2) Judicial Foreclosure (Second Claim) (all Defendants) – LNV seeks a judicial foreclosure of the 2002 DOT and an order directing the Sheriff of Denver County to sell the Property and apply the proceeds to the Note;

(3) Fraudulent Transfer under C.R.S. § 38-8-105 (Third Claim) (against Hook and Smith) – LNV alleges Hook and Smith quitclaimed the Property intending to hinder, delay and defraud Hook's creditors, including LNV.   LNV seeks to avoid the transfer, an order attaching the Property, and an injunction against further disposition of the Property and any other property of Hook's;

(4) Fraudulent Transfer under C.R.S. § 38-8-106 (Fourth Claim) (against Hook and Smith) – LNV asserts the conveyance of the Property via the Quitclaim Deed is a fraudulent transfer, and

---

[4] LNV alleges the 1992 DOT was made for the benefit of CTX Mortgage Company, who subsequently assigned the deed to Prudential.

seeks to avoid the transfer, an order attaching the Property, and an injunction against further disposition of the Property and any other property of Hook's; and

(5) Money Judgment on Promissory Note (Fifth Claim) (against Hook) – LNV seeks a money judgment against Hook on the Note, with interest from the date of default until paid in full, along with costs and fees in collecting and enforcing the Note and 2002 DOT.

## III.  LEGAL STANDARD

### A.  *Pro Se* Party

Hook proceeds *pro se*, but the Court is not obliged to construe her pleadings liberally as she is an attorney (ECF No. 87, page 15).  *See Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001).

### B.  Rule 12(b)(1)

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: a facial attack or a factual attack.  *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001); *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).  When reviewing a facial attack on a complaint, the Court accepts the allegations of the complaint as true.  *Holt,* 46 F.3d at 1002.  By contrast, when reviewing a factual attack on a complaint, the Court "may not presume the truthfulness of the complaint's factual allegations."  *Id*. at 1003.  With a factual attack, the moving party challenges the facts upon which subject-matter jurisdiction depends.  *Id.*  The Court therefore must make its own findings of fact.  *Id.*  "Because the jurisdiction of federal courts is limited, 'there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof.'"  *Marcus v. Kansas Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999) (quoting *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th

5

Cir. 1991)).

### C.  Rule 12(b)(6)

Pursuant to Rule 12(b)(6), a complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.* at 555 (internal citations and brackets omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*  "[A] plaintiff must 'nudge [ ] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (internal citation and quotation omitted; italics in original).

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. *Morse v. Regents of the Univ. of Colo.*, 154 F.3d 1124, 1126-27 (10th Cir. 1998); *Seamons v. Snow*, 84 F.3d 1226, 1231-32 (10th Cir. 1996).  However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ." *Khalik v. United*

*Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Ashcroft v. Iqba*l, 556 U.S. 662, 678 (2009)) (brackets in original).

### D. Rule 12(b)(7)

"The proponent of a motion to dismiss under 12(b)(7) [failure to join a party under Rule 19] has the burden of producing evidence showing the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence." *Citizen Band Potawatomi Indian Tribe of Okla. v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994).   The movant's burden "can be satisfied by providing affidavits of persons having knowledge of these interests as well as other relevant extra-pleading evidence." *Id.* (quotation marks and citation omitted).

### E. Surreply

Where a party raises new materials or new arguments in a reply brief, the Court may either allow the nonmovant to respond in a surreply or disregard the new matters in ruling on the motion. *Pippin v. Burlington Resources Oil & Gas Co.*, 440 F.3d 1186, 1192 (10th Cir. 2006).   "[A] district court abuses its discretion only when it both denies a party leave to file a surreply *and* relies on new materials or new arguments in the opposing party's reply brief." *Conroy v. Vilsack*, 707 F.3d 1163, 1179 n.6 (10th Cir. 2013) (emphasis in original).

## IV.   ANALYSIS

### A. Surreply

LNV seeks to file a surreply to new arguments Hook raises in her Reply.   The Court will not rely on any new materials or arguments raised for the first time in Hook's Reply; therefore,

LNV's Motion for Surreply is denied.[5]   *Conroy v. Vilsack*, 707 F.3d at 1179 n.6.

### B.  Subject Matter Jurisdiction

Hook moves for dismissal under Rule 12(b)(1) based on following arguments: (1) LNV

lacks standing to sue on any of its claims; and (2) the statute of limitations bars LNV's First,

Second, and Fifth claims.[6]   LNV contends this Court has subject matter jurisdiction over this

action.   Based on the current record, the Court agrees.

First, Hook's arguments that this Court lacks subject matter jurisdiction due to the alleged

running of the Colorado statute of limitations are easily dispensed with because, as LNV contends,

Hook's arguments really turn on whether LNV has stated a claim for relief.[7]   There is no showing

that the timely filing of any action under the time limitations claimed is jurisdictional.   *See*

*Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (where a period of limitation is

jurisdictional, a federal court has no power to hear it unless the plaintiff has filed his action in a

timely manner); *cf. Trinity Broadcasting of Denver, Inc. v. City of Westminster*, 848 P.2d 916, 923

(Colo. 1993) (The Governmental Immunity Act "is a nonclaim statute, raising a jurisdictional bar

if notice is not given within the applicable time period.").

---

[5] Hooks argues that LNV's Response was filed three days late.   (ECF No. 104, page 2 n.1)   LNV's Response, however, is timely.   Fed. R. Civ. P. 5(b) & 6(d), D.C.COLO.LCivR 5.1(d), and Electronic Case Filing Procedures for the District of Colorado (Civil Cases) IV. 4.7(e) ("The three-day rule in Fed. R. Civ. P. 6(d) for service by mail shall apply to service by electronic means.").

[6] In her Reply, Hook raises, for the first time, that LNV failed to plead any federal statutory basis for its claims in its Second Amended Complaint.   As such, this argument will not be considered.   To the extent the Reply challenges LNV's argument that subject matter jurisdiction exists under 28 U.S.C. §§ 1367, 1441, 1442 and 1444, however, based on the current record, LNV's action is properly before this Court.   LNV's civil action is against or directed to the United States or any agency thereof "on account of any right, title or authority claimed under any Act of Congress for . . . the collection of the revenue," which may be removed by the United States to this Court.   28 U.S.C. § 1442(a)(1).   And, further, pursuant to 28 U.S.C. § 2410, LNV's action is one affecting property on which the United States has a lien, also subject to removal to this Court.   28 U.S.C. § 1444.

[7] Moreover, as discussed below, Hook fails to show the statute of limitations has run on the claims.

Next, Hook's arguments regarding standing and subject matter jurisdiction are correct insofar as she relies on the premise that standing is one element of the Constitution's case-or-controversy limitation on this Court's authority.   *Arizona State Legislature v. Arizona Independent Redistricting Comm'n*, __ U.S. __, 135 S. Ct. 2652, 2663 (2015); *Hobby Lobby Stores, Inc. v. Sebelius*, 723 F.3d 1114, 1126 (10th Cir. 2013).   However, as LNV asserts, Hook fails to set forth the requirements for standing or which requirement LNV fails to meet.

In order to have standing under Article III of the Constitution, a plaintiff must show injury (1) in the form of invasion of a legally protected interest, (2) that is concrete and particularized and actual or imminent, (3) that is fairly traceable to the challenged action, and (4) that is redressable by a favorable ruling.   *Arizona State Legislature*, 135 S. Ct. at 2663; *Hobby Lobby Stores, Inc.*, 723 F.3d at 1126.   In determining whether a plaintiff has met its burden, the Court "assume[s] the allegations contained in the complaint are true and view[s] them in the light most favorable to the plaintiff[]."   *Kerr v. Hickenlooper*, 744 F.3d 1156, 1163 (10th Cir. 2014), *vacated and remanded on other grounds,* 135 S. Ct. 2927 (2105) (mem.).

LNV combines all claims together, asserting its allegations[8] sufficiently show it has standing.   Hook, however, asserts a different basis for attacking each claim, all of which generally relate to the sufficiency of LNV's interest.[9]   The Court agrees with LNV, but will nonetheless address each of Hook's assertions below.

---

[8] As used hereafter, the Court is also referring to the exhibits attached to the Second Amended Complaint.
[9] The Court questions whether Hook is in fact arguing "prudential" standing or failure to state a claim, which does not implicate subject matter jurisdiction.   *See Niemi v. Lasshofer*, 770 F.3d 1331, 1345-46 (10th Cir. 2014). Nonetheless, the Court assumes, without deciding, that Hook's arguments fall under Article III standing.

### 1.   First Claim – Determination of Interests

Hook argues LNV has failed to establish an unbroken chain of legally valid assignments of the beneficial rights to the 2002 DOT and, therefore, fails to establish it has any interest in the Property.   As LNV responds, it does not need to "establish" such facts at this stage.   Instead, the allegations in the Second Amended Complaint sufficiently show LNV has a protected interest in 2002 DOT and the Property.

### 2.   Second Claim – Judicial Foreclosure

Hook raises three arguments in support of dismissal of this claim.[10]   Her first argument is that the person seeking foreclosure/sale of real property must be the "holder" of the promissory note under C.R.S. § 38-38-101.   "Holder" is defined under C.R.S. § 38-38-100.3(10) as "the person in actual possession of or a person entitled to enforce an evidence of debt . . . ."   In this instance, Hook summarily contends LNV has failed to establish it is the "holder," but fails to identify where LNV falls short.   Instead, as LNV contends, the Court finds LNV's allegations sufficient to show it is a "holder."

Hook's second argument relies on C.R.S. § 4-3-309(a) & (b), again arguing LNV has failed to establish facts in support of its rights under the Note.   Hook's third argument is similarly to that raised against the First Claim, namely, that LNV has failed to establish an unbroken chain of legally valid assignments or endorsements of the Note to LNV.   LNV's allegations, however, are sufficient to show an adequate interest and entitlement to enforce the Note.

---

[10]  To the extent Hook is arguing the Court lacks "jurisdiction" because there is allegedly no cause of action for judicial foreclosure, as discussed below, such a cause of action exists.

**3.   Third and Fourth Claims – Fraudulent Transfer under C.R.S. §§ 38-8-105 & 38-8-106**

For these claims, Hooks asserts LNV was not her "creditor" at the time of the alleged fraudulent conveyance, relying on the January 14, 2012, date on the Quitclaim Deed.   Pursuant to C.R.S. § 38-8-102(5), a "'[c]reditor' means a person who has a claim."   In this case, the Quitclaim Deed may have an "executed" date of January 14, 2012, but it was not "acknowledged," notarized, and recorded until March 20, 2014, after suit was filed and process attempted or served. Regardless, under LNV's allegations, Hook defaulted on the Note by August 1, 2009, LNV acquired its interest in the Property, Note and 2002 DOT by February 2, 2010, and Hook thereafter transferred the Property.   Accordingly, LNV's allegations are sufficient to show it had a right or interest in the Property, 2002 DOT, and the Note on January 14, 2012.   Therefore, based on Hook's argument, LNV has sufficiently alleged it was Hook's "creditor" under C.R.S. §§ 38-8-105 to -106.[11]

**4.   Fifth Claim – Money Judgment**

Hook argues LNV has failed to establish it owns/has title to the Note, that Hook defaulted thereunder, and the legal basis for its claim for costs and fees.   Again, LNV need not "establish" such facts at this stage of the proceedings.   Instead, LNV's allegations are sufficient to show it has suffered a legally protected interest pursuant to the terms of the Note and 2002 DOT, along with the other requirements for standing.

---

[11] Hook also relies on her arguments attacking the First and Second Claims.   Those arguments are rejected as to the Third and Fourth Claims for the same reasons they are rejected as to the First and Second Claims.

### C.  Failure to State a Claim

In support of her arguments that LNV fails to state a claim for relief, Hook asserts: (1) the same arguments made in support of the contention that LNV lacks standing (insufficiency of interest and the running of the statute of limitations); (2) there is no cause of action for judicial foreclosure; and (3) LNV has failed to plead fraud with particularity.

### 1.  LNV's Interest is Sufficiently Alleged

As to Hook's arguments concerning the sufficiency of LNV's interest or "beneficial interest,"[12] those arguments fail for the same reasons stated above in Section B.

### 2.  Statute of Limitations is No Bar

As to Hook's arguments that LNV's First, Second, and Fifth Claims are barred by the statute of limitations, LNV disputes the accrual dates used by Hook but argues that even assuming, *arguendo*, those dates are correct, LNV's claims are nonetheless timely.   The Court finds the record at hand is insufficient to show that LNV's claims are untimely.

The statute of limitations bar is an affirmative defense, "which may be resolved on a Rule 12(b)(6) motion to dismiss 'when the dates given in the complaint make clear that the right sued upon has been extinguished.'"   *Radloff-Francis v. Wyoming Med. Ctr., Inc.*, 524 F. App'x 411, 413 (10th Cir. 2013) (quoting *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir.1980)).   However, this is not the case here.

---

[12]  Hook's contentions that LNV is not or was not the "holder" of the Note or "creditor" of Hook at the relevant time period all go to the same issue – the sufficiency of LNV's interest in order to have "standing" or to state a claim for relief.

a)      **Fifth Claim – Money Judgment**

The Court starts with the Fifth Claim, as it impacts the resolution of the arguments

concerning the First and Second Claims.

LNV's Fifth Claim seeks to enforce the Note and recover a money judgment due to Hook's

alleged default on the Note.   In her Motion, Hook argues that LNV's claim is allegedly barred by

the three-year statute of limitations under C.R.S. § 13-80-101(1)(a) as it accrued no later than

October 2009 when LNV refused to accept Hook's payments on the Note and claimed that Hook

was in default thereunder.   LNV contends that even, assuming, *arguendo*, that its claim accrued in

October 2009, it is governed by the six-year statute of limitations under C.R.S. § 13-80-103.5.   In

Reply, Hook argues – for the first time – the Promissory Note and the Loan Modification

Agreement should be analyzed separately, with different accrual dates and different statute of

limitations.   In addition, Hook submits for consideration a December 22, 2007, Order setting

aside a foreclosure sale by Wachovia Bank, N.A. on the Property.   As previously stated, the Court

will not consider matters which a party raises for the first time in a reply.   Therefore, Hook's new

arguments and submission will not be considered.

Based on what is properly before the Court for consideration on the Fifth Claim, the Court

finds the record insufficient to show LNV's claim is time barred.   As relevant here, C.R.S.

§ 13-80-101(1)(a) provides for a three-year statute of limitations for all contract actions "except as

otherwise provided in section 13-80-103.5."   Section 13-80-103.5(1)(a) provides that a six-year

statute of limitations applies to "all actions for the enforcement of rights set forth in any instrument

securing the payment of or evidencing any debt."   "An action for default on a promissory note

falls within the six-year statute of limitations period." *Mortgage Investments Corp. v. Battle Mountain Corp.*, 70 P.3d 1176, 1184 (Colo. 2003).   Based on Hook's arguments, the six-year statute of limitations apply; therefore, LNV's claim for default on the Note filed on or about March 4, 2014, is not timed barred.

### b)     First Claim – Determination of Interests

Hook argues the First Claim accrued no later than August 28, 2008, the date LNV allegedly acquired its beneficial rights to the 2002 DOT and was on constructive notice of the existing federal tax liens.   According to Hook, with that accrual date, LNV's action filed on or about March 4, 2014, is barred by the two-year statute of limitations under C.R.S. § 13-80-102(1)(i), the "catch-all" limitations for "[a]ll other actions of every kind for which no other period of limitation is provided."   In response, LNV argues that its First Claim is against the United States based on 28 U.S.C. § 2410; therefore, the six-year statute of limitations under 28 U.S.C. § 2401(a) for actions against the United States applies.   LNV further asserts that even assuming Hook is entitled to a separate statute of limitations period, the First Claim is in the nature of a declaratory judgment; therefore, the 15-year limitations period under C.R.S. § 38-39-205 applicable to the underlying substantive claim – one of foreclosure – applies.

The Declaratory Judgment Act, 28 U.S.C. § 2201, provides procedural remedies and does not confer substantive rights or create causes of action.   *Farmers Alliance Mut. Ins. Co. v. Jones*, 570 F.2d 1384, 1386 (10th Cir. 1978); *Cheyenne & Arapaho Tribes v. First Bank & Trust Co.*, 560 F. App'x 699, 708 (10th Cir. 2014).   There is no specific statute of limitations for an action under the Act seeking declaratory relief.   *See* 28 U.S.C. § 2201; *XY, LLC v. Trans Ova Genetics, LC*,

No. 13-cv-0876-WJM-BNB, 2014 WL 4548532, at *3 (D. Colo. Sept. 15, 2014).   Instead,

"[w]hat determines the applicable limitations period is 'the basic nature of the suit in which the

issues involved would have been litigated if the Declaratory Judgment Act had not been adopted.'"

*118 E. 60th Owners, Inc. v. Bonner Props., Inc.*, 677 F.2d 200, 202 (2d Cir. 1982) (quoting *Romer

v. Leary*, 425 F.2d 186, 188 (2d Cir. 1970)); *see Bechler v. Kaye*, 222 F.2d 216, 220 (10th Cir.

1955) ("The nature of the cause of action determines the applicable statute of limitations.").

Thus, "[w]hen the declaratory judgment sought by a plaintiff would declare his entitlement to

some affirmative relief, his suit is time-barred if the applicable limitations period has run on a

direct claim to obtain such relief."   *118 E. 60th Owners*, 677 F.2d at 202.

In this case, LNV's "claim" for declaratory relief is in the nature of a claim to determine the

relative priority of the liens in order to foreclose on the Property.   Accordingly, the claim is

governed by C.R.S. § 38-39-205, which provides for a 15-year statute of limitations period to

foreclose on a deed of trust where the claim on a note is timely made.   C.R.S. §§ 38-39-201(1),

-207; *see Mortgage Investments Corp.*, 70 P.3d at 1184 (discussing the application of C.R.S.

§§ 13-80-103.5, 38-39-205, 38-39-207).   As discussed above, based on the arguments before the

Court, LNV's claim on the Note is not time barred.   C.R.S. § 13-80-103.5.   Therefore, assuming

an accrual date of August 28, 2008, LNV's first claim filed on or about March 4, 2014, is also not

barred.   *See Mortgage Investments Corp.*, 70 P.3d at 1184.

Hook argues for the application of C.R.S. § 13-80-102(1)(i), but provides no authority for

her position that the two-year statute of limitations applies.   Nonetheless, the Court recognizes

that in *Harrison v. Pinnacol Assur.*, 107 P.3d 969, 972 (Colo. App. 2004), the Colorado Court of

Appeals applied the two-year catch-all statute of limitations to a C.R.C.P. 57 action for declaratory judgment.   The court did so, however, after it found that the complaint did not plead any theory of recovery from which a limitation period could be applied.[13]   Such is not the case here.

### c)      Second Claim – Judicial Foreclosure

Hook also relies on October 2009 as the accrual date and the two-year catch-all statute of limitations under C.R.S. § 13-80-102(1)(i) to support the contention that the Second Claim is time barred.   Similarly, in response, LNV argues that either the six-year statute of limitations under 28 U.S.C. § 2401(a) applies or, because its claim on the Note is timely, the 15-year limitations period to foreclose on the 2002 DOT applies pursuant to C.R.S. § 38-39-205.   In Reply, Hook raises – for the first time – the argument that the claim accrued no later than May 2006 and is barred by the six-year statute of limitations under C.R.S. § 13-80-103.5(1)(a).   The Court will not consider Hook's untimely arguments.   Accordingly, for the same reasons stated above as to LNV's First and Fifth Claims, and based on the record currently before the Court: (1) the claim on the Note is not time barred; and (2) where the Note is not time barred, the 15-year statute of limitations applies.   Therefore, assuming an October 2009 accrual date that Hook argues, and a 15-year statute of limitations, the Second Claim is not time barred.

### 3.   Judicial Foreclosure – Sufficient Claim Stated

Hook argues there is no cause of action for "judicial foreclosure" under Colorado law, and that the sale of the Property must be through the Public Trustee in accordance with C.R.C.P. 120. LNV argues it has a cognizable claim.   First, LNV directs the Court to the fact that this case was

---

[13]  For this reason, the Court respectfully disagrees with the unqualified statement in *D.R. Horton, Inc.-Denver v. Travelers Indem. Co. of America*, 860 F. Supp. 2d 1246, 1255 (D. Colo. 2012) that the catch-all two-year statute of limitations applies to declaratory judgment actions.

initially filed in the State court, where that court could determine the parties' interest and authorize the Sheriff to sell the Property, citing to C.R.C.P. 105 and 120.   In addition, LNV directs this Court to 28 U.S.C. § 2410(c), which provides that "an action to foreclose a mortgage or other lien, naming the United States as a party under this section, must seek judicial sale," and to 28 U.S.C. § 2001, which contains provisions concerning the sale of realty.

A "judicial foreclosure" is a cognizable "cause of action" under Colorado and federal law. C.R.C.P. 105; Willis V. Carpenter & Emma R. Keyser, Colorado Real Estate Practice §§ 10.1 ("A Colorado judicial foreclosure action (JFA) is governed by C.R.C.P. 105, which provides for the complete adjudication of the rights of all parties to or affecting real property."), 10.3 (There are numerous reasons "for conducting a JFA with respect to a deed of trust to public trustee that otherwise *could* be foreclosed administratively through the Office of the Public Trustee.") (emphasis in original) (2009 & 2014 Supp.); 28 U.S.C. § 2410(c); *see U.S. v. Petty Motor Co.*, 767 F.2d 712 (10th Cir. 1985) (discussing whether the United States marshal may recover a commission for services related to sale of real property pursuant to a judicial foreclosure). Therefore, Hook has not shown dismissal of this claim is warranted.

### 4.  Fraudulent Conveyances – Pled with Particularity

Hook summarily argues that LNV has failed to plead its fraudulent conveyance claims with particularity, as required by Fed. R. Civ. P. 9.   LNV asserts it has sufficiently pled specific facts showing its fraudulent conveyance claims are plausible on their face and giving Hook fair notice of the claims against her.   In her Reply, Hooks argues that LNV was not a "creditor" of Hook at the time of the alleged fraudulent conveyance, relying on the January 14, 2012 date on the Quitclaim

Deed.   As this argument was not initially raised in support of Hook's argument under Rule 9(b), the Court will not consider the same.[14]

Fed. R. Civ. P. 9(b) requires a party to state with particularity the circumstances constituting fraud.   "Malice, intent, knowledge, and other conditions of a person's mind," however, may be alleged generally.   *Id.*   The purpose of Rule 9(b) is "to afford defendant fair notice of plaintiff's claim and the factual background upon which they are based."   *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1172 (10th Cir. 2010) (citation, quotation marks, and brackets omitted).   Thus, a plaintiff is required to provide the "who, what, when, where and how of the alleged claims."   *Id.*

In this case, LNV's fraudulent conveyances allegations complied with this standard. LNV provided factual allegations of the *who*, Hook and Smith; *what*, Hook's transfer of the Property to Hook and Smith as joint tenants, which Property LNV seeks to foreclose on in this action, without receiving reasonably equivalent value in exchange; *when*, on or about March 20, 2014, with knowledge that Hook had incurred a debt to LNV and of this lawsuit; *where*, in Denver, Colorado; and *how*, through the Quitclaim Deed "acknowledged" by Hook, notarized, and recorded on March 20, 2014.   Accordingly, the Court finds the allegations sufficiently afford Hook fair notice of LNV's claims and the factual background on which they are based.

### D.  Indispensable Parties

Hook asserts LNV has failed to join necessary parties under Fed. R. Civ. P. 19 on its First, Second, and Fifth Claims for relief.   The arguments for each claim are essentially identical: all

---

[14] Moreover, in Section B above, the Court addressed and rejected this argument.

persons/entities in the chain of title of the 2002 DOT and/or Promissory Note must be named as parties to the lawsuit because, in their absence, Hook may be subject to "a substantial risk of incurring double, multiple or otherwise inconsistent obligations."   (ECF No. 87, pages 3, 7-8, 12-13.)   LNV contends Hook fails to meet her burden under Rule 19, and to provide any law requiring the joinder of any of the assignors or assignees in the "chain of title" of the Promissory Note or 2002 DOT.   In the event the Court finds that one or more of the assignors are necessary parties, LNV requests that such person be joined as a party, rather than dismiss this lawsuit.

Under Rule 19, the Court applies a three-step process in order to determine whether dismissal is warranted.   *Northern Arapaho Tribe v. Harnsberger*, 697 F.3d 1272, 1278 (10th Cir. 2012).   First, the Court must determine that the missing person is "required to be joined" under Rule 19(a).   *Id.*   "Second, the [C]ourt must determine that the required party cannot feasibly be joined."   *Id.* at 1278.   And, third, the Court must determine, under Rule 19(b), whether the required party who cannot be feasibly joined "is so important to the action that the action cannot 'in equity and good conscience' proceed in that person's absence."   *Id.* at 1278-1279.   A person is not indispensable where the possibility of inconsistent obligations is speculative.   *Id.* at 1280. The "vague possibility that persons who are not parties may have an interest in the action" is also insufficient.   5C Charles A. Wright *et al.*, *Federal Practice and Procedure* § 1359, at 65 (3d ed. 2004).

In this case, Hook's bare assertion that those persons in the "chain of title" of the Promissory Note and 2002 DOT are necessary parties, and conclusory allegation[15] that she may be

_____

15  Hook's Reply is "verified," but it nonetheless provides no facts – or analysis - from which a determination can be

subject to "a substantial risk of incurring double, multiple or otherwise inconsistent obligations," are insufficient to meet her burden.   Hook fails to address the three-part requirement or how it is met under the allegations of this case.   For example, there is no showing that the persons in the "chain of title" claim an interest in the Property or this lawsuit, or how the considerations under Rule 19(b) warrant a dismissal of this action.   Accordingly, Hook's request for dismissal under Rule 19 is denied.

## V.    CONCLUSION

Base on the foregoing, the Court ORDERS

(1) That Plaintiff's Motion for Leave to File Surreply in Opposition to Hook's Motion to Dismiss (ECF No. 105) is DENIED; and

(2) That Defendant M. Julia Hook's Motion to Dismiss Second Amended Complaint (ECF No. 87) is DENIED.

DATED this 25th day of September, 2015.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

---

made that the persons who previously had an interest in the Property are now necessary parties.