IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 14-cv-00955-RM-CBS

LNV CORPORATION,

    Plaintiff,

v.

M. JULIA HOOK, an individual,
THE PRUDENTIAL HOME MORTGAGE, INC.,
UNITED STATES OF AMERICA,
SAINT LUKE'S LOFTS HOMEOWNER ASSOC. INC.,
DEBRA JOHNSON, in her official capacity as the Public Trustee of the City and County of Denver, Colorado, and
DAVID L. SMITH, an individual,

    Defendants.

---

### ORDER DENYING DEFENDANT DAVID L. SMITH'S
### MOTION TO DISMISS SECOND AMENDED COMPLAINT (ECF NO. 115)

---

THIS MATTER is before the Court on Defendant David L. Smith's Motion to Dismiss Second Amended Complaint ("Motion") (ECF No. 115), which incorporates by reference Defendant M. Julia Hook's Motion to Dismiss Second Amended Complaint ("Hook Motion") (ECF No. 87) as well as her "Verified Reply to Response to Motion to Dismiss Second Amended Complaint" ("Hook Reply") (ECF No. 104).[1] The Hook Motion was filed pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 12(b)(7). Smith also requests relief under Fed. R. Civ. P. 12(i).

---

[1] Smith's wholesale incorporation of Hook's papers is disapproved of for a number of reasons. For example, Smith's action requires the Court to sift through the papers to determine what is relevant to Smith and how the arguments apply to him. Moreover, it allows Smith to accomplish that which Hook was disallowed by the Court – to require an opposing party to address matters raised for the first time in a reply. As LNV addresses the new matters in its Response, the Court will do so. Future filings of a similar nature may be stricken *sua sponte* by the Court, without leave to refile.

LNV filed "Plaintiff's Response to Smith's Motion to Dismiss Second Amended Complaint" (ECF No. 126), to which Smith filed no reply of his own. Upon consideration of the Motion and related briefs (including those Smith incorporates by reference), the Court file, and the applicable statutes, rules and case law, and being otherwise fully advised, for the reasons stated herein, the Court DENIES Smith's Motion.

**I.      PROCEDURAL BACKGROUND**

The parties are familiar with the procedural background, so it will only be briefly summarized here. In addition, the Court incorporates by reference the Procedural Background set forth in its Order dated September 25, 2015, denying Hook's Motion to Dismiss (ECF No. 181) (hereafter "First Order").

Briefly, LNV filed this action in Denver District Court, Colorado on March 4, 2014, which was then removed by the United States to this Court. LNV seeks to have the Court determine the relative interests of the Defendants in a certain parcel of real estate located at 5800 E. 6th Avenue Parkway, Denver, Colorado (the "Property") originally titled solely in Hook's name; to enforce a Promissory Note, amended by a Loan Modification Agreement (collectively "Note") executed by Hook; and to foreclose on a Deed of Trust executed by Hook. After this action was filed, Hook recorded a Quitclaim Deed transferring her interest in the Property to herself and Smith as joint tenants. LNV amended its complaint to add Smith as a defendant, claims for fraudulent conveyance of the Property as against Hook and Smith, and a claim for a money judgment on the Note against Hook.

Hook filed a motion to dismiss LNV's Second Amended Complaint and, after that motion was fully briefed, Smith filed his Motion but simply incorporates the Hook Motion and

Reply wholesale.[2] In addition, Smith requests this Court to grant him relief under Fed. R. Civ. P. 12(i).

## II.   ALLEGATIONS IN SECOND AMENDED COMPLAINT

The parties are also familiar with the allegations in the Second Amended Complaint, so they will not be repeated here. Instead, the Court incorporates by reference its summary of the allegations as set forth in its First Order denying Hook's Motion to Dismiss. As relevant to Smith, based on his interest in the Property acquired through the Quitclaim Deed recorded on March 20, 2014, the First (Determination of Interests), Second (Judicial Foreclosure), and Third and Fourth (Fraudulent Conveyances) Claims for relief are directed against him. The Fifth Claim for money judgment is not because Smith is not a party to the Note. To the extent LNV's other allegations are necessary to the resolution of Smith's arguments, they are addressed in this Order.

## III.   LEGAL STANDARD

### A.  *Pro Se* Party

Smith proceeds *pro se*, but the Court is not obliged to construe his pleadings liberally as he is an attorney (ECF No. 115, page 6). *See Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001).

### B.  Rule 12(b)(1)

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: a facial attack or a factual attack. *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001); *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing a facial attack on a complaint, the Court accepts the allegations of the complaint as true. *Holt,* 46 F.3d at 1002. By

---

[2] The Court assumes, without deciding, for the purposes of this Order that Smith may raise all the same arguments that were raised by Hook even though Smith is not a party to the 2002 Deed of Trust, the Promissory Note, or the Loan Modification Agreement at issue in this case.

contrast, when reviewing a factual attack on a complaint, the Court "may not presume the truthfulness of the complaint's factual allegations." *Id*. at 1003.  With a factual attack, the moving party challenges the facts upon which subject-matter jurisdiction depends. *Id.*  The Court therefore must make its own findings of fact. *Id.*  "Because the jurisdiction of federal courts is limited, 'there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof.'"  *Marcus v. Kansas Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999) (quoting *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991)).

### C. Rule 12(b)(6)

Pursuant to Rule 12(b)(6), a complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.* at 555 (internal citations and brackets omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*  "[A] plaintiff must 'nudge [ ] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (internal citation and quotation omitted; italics in original).

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. *Morse v. Regents of the Univ. of Colo.*, 154 F.3d 1124, 1126-27 (10th Cir. 1998); *Seamons v. Snow*, 84 F.3d 1226, 1231-32 (10th Cir. 1996). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (brackets in original).

### D. Rule 12(b)(7)

"The proponent of a motion to dismiss under 12(b)(7) [failure to join a party under Rule 19] has the burden of producing evidence showing the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence." *Citizen Band Potawatomi Indian Tribe of Okla. v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994). The movant's burden "can be satisfied by providing affidavits of persons having knowledge of these interests as well as other relevant extra-pleading evidence." *Id.* (quotation marks and citation omitted).

## IV. ANALYSIS

### A. No Bias

As an initial matter, Smith argues this case should be dismissed "due to this Court's hostility and bias against him," relying on: (1) reciprocal disciplinary proceedings which led to his disbarment before the United States District Court of Colorado; and (2) the fact that there were then motions pending before this Judge in Civil Action No. 13-cv-01156-RM-KLM (*Smith v. United States of America*) which had not yet been decided. Smith's first contention lacks

merit as his case was reassigned to this Judge because two other Judges of this Court recused themselves based on their responsibilities on the Committee on Conduct regarding Smith's application for readmission to the bar of this court. (ECF Nos. 69, 71.) A matter in which this Judge has no responsibility or involvement. As for Smith's second contention, that too lacks merit in light of the issuance of decisions on pending matters in the *Smith* case. The Court dismissed the *Smith* case, which was appealed by Hook but affirmed by the United States Court of Appeals for the Tenth Circuit.[3] Smith also fails to provide any authority for the proposition that any alleged bias by this Court would entitle to him to a dismissal of LNV's action. As such, Smith's request for dismissal on this basis is denied.

### B. Subject Matter Jurisdiction

Smith, through the incorporation of Hook's arguments in the Hook Motion and Hook Reply, contends this Court lacks subject matter jurisdiction. Smith's arguments based on the Hook Motion are rejected for the same reasons stated in the Court's First Order, which are incorporated herein by this reference. In addition, as LNV argues, LNV has sufficiently shown it has standing to assert claims against Smith as, among other things, Smith may (and apparently does) claim an interest in the Property through the Quitclaim Deed, which interest Hook allegedly fraudulently conveyed to Smith through the Quitclaim Deed, and a decision favorable to LNV would redress injuries allegedly caused by Hooks' and Smith's actions complained of in the Second Amended Complaint.

As to Smith's contentions based on new arguments raised for the first time in the Hook Reply, the Court will address them here.[4] Specifically, through the incorporation of the Hook

---

[3] As of today, the Tenth Circuit has not issued a mandate on that appeal.
[4] The Court disregarded new arguments raised in the Hook Reply. *Pippin v. Burlington Resources Oil & Gas Co.*, 440 F.3d 1186, 1192 (10th Cir. 2006) (If the district court precludes a surreply, "the court can avoid error only by not relying on the new materials and arguments in the movant's reply brief.").

Reply, Smith argues that LNV failed to plead any federal statutory basis in its Second Amended Complaint.  The Court finds to the contrary as the Second Amended Complaint specifically alleges that jurisdiction is proper under 28 U.S.C. § 1444, which allows the removal to this Court of "any action" brought under 28 U.S.C. § 2410 against the United States.  Moreover, as set forth in the Notice of Removal, the United States also based its removal on 28 U.S.C. § 1442, which provides that "[a] civil action" commenced in a State court against or directed to the United States "on account of any right, title or authority claimed under any Act of Congress for … the collection of the revenue" may be removed to this Court.  Accordingly, the Court finds that, on the current record, subject matter jurisdiction has been sufficiently shown.

### C. Failure to State a Claim

Smith's arguments, through incorporation of the arguments raised in the Hook Motion, fail for the same reason why the Hook Motion's arguments fail.  The Court's First Order addressing those arguments is incorporated herein by reference.

The Hook Reply, however, raised some new arguments for the first time, which the Court did not address in its Order on the Hook Motion.  Smith incorporates those new arguments in his Motion.  In addition, LNV also raises some arguments based on the proposition that the statute of limitations could not have accrued prior to March 2014, the date in which the Quitclaim Deed was recorded showing that Smith claimed an interest in the Property.  These additional arguments are addressed below.

#### 1. Statute of Limitations

##### a) Fifth Claim – Money Judgment

As an initial matter, this claim is not directed against Smith.  For that reason alone, Smith's request for dismissal of this claim is denied.  However, the Court will nonetheless

address Hook's (and now Smith's) arguments, but only to the extent necessary to address the First and Second Claims for relief, which are asserted against Smith.

In the Hook Motion, Hook asserted this was barred by the three-year statute of limitations under C.R.S. § 13-80-101(1)(a), and accrued no later than October 2009, when LNV refused to accept Hook's payment on the Note and claimed Hook was in default thereunder. Smith's Motion, incorporating such assertions, is rejected for the same reasons that Hook's assertions were rejected in the First Order. In the Hook Reply, however, Hook argued that the Promissory Note and Loan Modification Agreement should be analyzed separately, with different accrual dates and statutes of limitations.

Specifically, Smith (via his incorporation of the Hook Reply) argues that: (1) the claim as premised on the breach of the Loan Modification Agreement is governed by the three-year statute of limitations under C.R.S. § 13-80-101(1)(a) (actions for breach of contract), and accrued no later than October 2009; and (2) the claim as premised on the breach of the Promissory Note is governed by the six-year statute of limitations under C.R.S. § 13-80-103.5(1)(a) (actions on instruments securing payment/evidencing any debt), and accrued no later than May 2006 when Washington Mutual, Inc. refused to accept Hook's monthly payments and claimed Hook was in default, or in October 2007 when Wachovia Bank, N.A. foreclosed on the 2002 Deed of Trust.[5] In response, LNV argues: (1) the Court cannot consider facts outside of the Complaint (and its exhibits), and that if it considers these outside matters, it must convert the Motion to one for summary judgment after notice; (2) even if the Court considers matters outside of the Second Amended Complaint, Smith fails to address why the Loan Modification Agreement made in August 2008 did cut off any claim for default that might have accrued in 2006 or 2007, or how the breach of the Promissory Note, as modified by the 2008 Loan

---

[5] It is unclear whether Smith, via the Hook Reply, relies on this accrual date as well.

Modification Agreement, could have arisen before the execution of that 2008 agreement; and (3) the Loan Modification Agreement did not change the nature of LNV's claim from one for breach of promissory note to one for breach of contract. The Court agrees, in part, with LNV's latter two contentions,[6] *i.e.,* on this record, Smith fails to show that separate statute of limitations and accrual dates apply to the Promissory Note and Loan Modification Agreement, that the statute of limitations accrues on the dates asserted, or that the statute of limitations has run as to both documents.[7] *See* C.R.S. § 13-80-103.5(1)(a); *cf. U.S. v. Sackett*, 114 F.3d 1050, 1052 (10th Cir. 1997) (finding that a Loan Revision Agreement was an accord and satisfaction of the original debt, and the date defendants defaulted thereunder was the date in which the statute of limitations began to run). Accordingly, on this record, dismissal of this claim as barred by the statute of limitations is not warranted.

### b) Second Claim – Judicial Foreclosure

As to this claim, the Hook Motion also argued a two-year catch-all statute of limitations under C.R.S. § 13-80-102(1)(i) applies, with an accrual date of October 2009. For the reasons stated in the First Order, which are incorporated herein by this reference, Smith's arguments incorporating Hook's arguments fail. In addition, in the Hook Reply, Hook asserted that "[a]ctually," the Second Claim accrued no later than May 2006 (the date Washington Mutual allegedly claimed Hook was in default on the Promissory Note) or, perhaps, October 2007 (the date that Wachovia Bank, N.A., foreclosed on the 2002 Deed of Trust), and is barred by the six-year statute of limitations under C.R.S. § 13-80-103.5(1)(a). Smith's arguments on the Second Claim fail for the reasons stated above addressing the Fifth Claim, *e.g.,* Smith has not shown

---

[6] Contrary to LNV's contention, the consideration of matters outside of a complaint does not automatically convert a Rule 12(b)(6) motion to a Rule 56 motion. *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006) ("[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment.").

[7] As evident by Smith's vacillation on which statute of limitations applies or which date the statute begins to run.

how or why the statute of limitations would begin to run in 2006 or 2007, before the Loan Modification Agreement was entered into in August 2008. Accordingly, Smith's request for dismissal as to this claim is denied.

### c) First Claim – Determination of Interests

In the Hook Motion, Hook argued the two-year catch-all statute of limitations under C.R.S. § 13-80-102(1)(i) applied to this claim, which accrued no later August 28, 2008, the date LNV allegedly acquired its interest in the 2002 Deed of Trust and was on constructive notice of the existing federal tax liens. In addition to LNV's assertions already addressed in the Court's First Order, LNV questions how the statute of limitations as to any claim against Smith could have begun to run in 2008 when he did not acquire any disclosed interest in the Property until March 2014, the date the Quitclaim Deed was recorded. As such, LNV contends that, as to Smith, its claim accrued in March 2014 at the earliest and this claim is therefore timely. As stated above, Smith has not shown that the statute of limitations has run on the Note; therefore, he has not shown that the 15-year statute of limitations is inapplicable to LNV's claim. Moreover, even assuming, *arguendo*, a two-year statute of limitations, Smith has not shown how or why LNV's claim against Smith would have accrued prior to his acquiring an interest in the Property. As such, Smith's request for dismissal on this basis is denied.

### D. Indispensable Parties

Smith raises no new arguments for requesting dismissal under Rule 12(b)(7). Smith's arguments, incorporating Hook's arguments, are denied for the same reasons set forth in the First Order, which are incorporated herein by reference.

### E. Rule 12(i)

Smith requests this Court to hear and grant his Motion under Rule 12(i), and for other

relief pending resolution of the Motion. To the extent Smith seeks a hearing on his Motion, the Court finds that no hearing is required or needed in order to determine its merits. To the extent Smith seeks a determination of the Motion prior to trial, the Motion has now been determined. In light of this Court's denial of the Motion, any other request is moot.

## V. CONCLUSION

Based on the foregoing, Defendant David L. Smith's Motion to Dismiss Second Amended Complaint (ECF No. 115) is DENIED.

DATED this 25th day of September, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge