IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 14-cv-00955-RM-CBS

LNV CORPORATION,

    Plaintiff,

v.

M. JULIA HOOK, an individual,
THE PRUDENTIAL HOME MORTGAGE, INC.,
UNITED STATES OF AMERICA,
SAINT LUKE'S LOFTS HOMEOWNER ASSOC. INC.,
DEBRA JOHNSON, in her official capacity as the Public Trustee of the City and County of Denver, Colorado, and
DAVID L. SMITH, an individual,

    Defendants.

---

**ORDER ON**
**"DEFENDANT M. JULIA HOOK'S MOTION TO DISMISS UNITED STATES' AMENDED CROSS CLAIM" (ECF No. 99)**

---

THIS MATTER is before the Court on Defendant M. Julia Hook's Motion to Dismiss United States' Amended Cross Claim ("Motion") (ECF No. 99), seeking dismissal of the United States' "Claim for Proceeds" contained in its Answer and Claim (ECF No. 93). Hook's Motion seeks relief pursuant to Fed. R. Civ. P. 12(b)(1), (6) and/or (7), and under Fed. R. Civ. P. 12(f). Upon consideration of the Motion, the "United States' Opposition to M. Julia Hook's Motion to Dismiss" (ECF No. 107), Hook's "Verified Reply to Response to Motion to Dismiss United

States' Amended Cross Claim" (ECF No. 110), the Court file, and the applicable statutes, rules, and case law, and being otherwise fully advised, the Court GRANTS the Motion as to the relief requested under Rule 12(f) but DENIES AS MOOT the relief requested under Rule 12(b).

## I.      PROCEDULAL BACKGROUND

Generally, LNV filed this action seeking to determine the parties' respective interests in a certain parcel of real estate located at 5800 E. 6th Avenue Parkway, Denver, Colorado (the "Property") then titled solely in Hook's name, to foreclose on such Property, and to obtain a money judgment on a promissory note, as modified, secured by the Property. Upon the filing of LNV's Complaint, the Unites States filed an "Answer and Claim" (ECF No. 30), to which LNV filed an "Answer" to the Claim (ECF No. 36) and Hook filed an Answer and "Counterclaims" against the United States (ECF No. 37).

After LNV filed a Second Amended Complaint on August 22, 2014, the United States filed its "Answer and Claim" (ECF No. 93) on September 15, 2014, which contains the "Claim for Proceeds" ("Claim") Hook now seeks to strike and dismiss.

## II.     THE UNITED STATES' CLAIM

In its Answer and Claim, the United States admitted some of LNV's allegations, but generally averred that it was without sufficient knowledge or information concerning most of the allegations. (ECF No. 93.) After such admissions and averments, the United States set forth its Claim with allegations of the history of its liens against the property of Hook, including the attachment of such liens to the Property at issue. Thereafter, the United States prayed for the Court to enter an order in its favor as follows: (1) an order that the United States has a perfected lien on Hook's property, including the Property; (2) an order as to the validity and priority of all

liens on the Property, and to order the proceeds from the judicial sale of such Property to be distributed accordingly; and (3) an order that, if the Property is sold, the proceeds from the sale will be applied to the federal income tax liabilities of Hook and Smith, in accordance with the relative priority of the parties.

### III. ANALYSIS

#### A. RELIEF UNDER RULE 12(F) - THE UNITED STATES' CLAIM IS UNTIMELY

Pursuant to Rule 12(f), Hook seeks to strike the United States' Claim against her as untimely, and filed without leave of the Court. In response, the United States concedes its Claim is untimely, but argues: (1) it has not asserted any cross claim against Hook or her husband co-defendant David L. Smith; (2) it only filed an Answer and it received consent from LNV to file an Answer out-of-time; and (3) its Claim was filed within the time for the amendment of pleadings in this matter and no party will be prejudiced by allowing its Claim. In reply, Hook contends she never gave the United States any permission to file the Claim out of time. LNV has filed no paper on the issue of the timeliness of the United States' Claim.

First, as the United States contends it filed no claim against Hook or Smith, the Court will construe the United States' Claim as such. To the extent that any claim (whether denominated as a claim, cross claim or otherwise) is asserted against Hook, however, the Court agrees that it is untimely and no "consent" by LNV can save such claim. Pursuant to D.C.COLO.LCivR 6.1(a), under circumstances not applicable here, the parties may stipulate in writing to one extension of time without the Court's approval. Any other request for an extension of time "must be approved by court order on motion." D.C.COLO.LCivR 6.1(a). In this case, a request for an extension of time was neither sought from or given by the Court to the United States to file its

Claim. Accordingly, to the extent that any "claim" or cause is action is asserted against Hook (as opposed to the proceeds on the Property) in the Answer and Claim, it is hereby stricken as such a claim.[1] *See* Fed. R. Civ. P. 12(f); *Hendrix v. Coffey*, 305 F. App'x 495, 497 (10th Cir. 2008) (granting appellees' motion to strike appellants' reply brief where it was, among other things, untimely); *Fed. Deposit Ins. Corp. v. Bryan*, Nos. 90-6169, 90-6170, 951 F.2d 1258, 1991 WL 268896, at *7 (10th Cir. Dec. 10, 1991) (unpublished table decision) (district court did not abuse its discretion in granting motion to strike new affirmative defense because it was untimely).

### B. RELIEF UNDER RULE 12(b)

In addition to requesting relief under Rule 12(f), Hook also seeks relief under Rule 12(b). Specifically, Hook argues: (1) the Court lacks subject matter jurisdiction over the United States' Claim; (2) the United States has failed to join an indispensable party under Fed. R. Civ. P. 19; and (3) the United States' tax judgments/liens against Hook and Smith are not "valid" for a number of reasons. In light of the United States' representation that it has filed no claim against Hook, and the Court's striking of the United States' Claim to the extent it could be construed as a claim against Hook, the Court finds that Hook's remaining arguments are moot.

### IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** that Defendant M. Julia Hook's Motion to Dismiss United States' Amended Cross Claim (ECF No. 99) is **GRANTED** as to relief sought under Fed. R. Civ. P. 12(f) to the extent it seeks to strike the United States' "Claim for Proceeds" set forth in the United States Answer and Claim (ECF No. 93) as a cross claim against Defendant

---

[1] The Court does not strike the United States' Claim to the extent it sets forth its position as to why it is entitled to a distribution of the proceeds, in defense of LNV's claims. Even if the United States had not included the Claim, it would still be entitled to seek the enforcement of its liens in this case, a right which continues to exist notwithstanding the striking of the Claim insofar as it purports to be a claim against Hook.

Hook, and **DENIED AS MOOT** as to relief sought under Fed. R. Civ. P. 12(b). The United States' Claim is hereby STRICKEN only to the extent it seeks to assert a claim or cause of action against Defendant Hook.

DATED this 25th day of September, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge