**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 14-cv-00955-RM-CBS

LNV CORPORATION,

    Plaintiff,

v.

M. JULIA HOOK, an individual,
THE PRUDENTIAL HOME MORTGAGE, INC.,
UNITED STATES OF AMERICA,
SAINT LUKE'S LOFTS HOMEOWNER ASSOC. INC.,
DEBRA JOHNSON, in her official capacity as the Public Trustee of the City and County of Denver, Colorado, and
DAVID L. SMITH, an individual,

    Defendants.

___

**ORDER ON
"OBJECTION TO MAGISTRATE JUDGE'S ORDER DENYING
DEFENDANT M. JULIA HOOK'S MOTION FOR ORDER
COMPELLING DISCOVERY FROM PLAINTIFF LNV
CORPORATION; REQUEST FOR ORAL ARGUMENTNT" (ECF No. 173)**

___

THIS MATTER is before the Court on the "Objection to Magistrate Judge's Order Denying Defendant M. Julia Hook's Motion for Order Compelling Discovery from Plaintiff LNV Corporation; Request For Oral Argument" ("Objection") (ECF No. 173), objecting to Magistrate Judge Craig B. Shaffer's Minute Order of August 26, 2015 ("Minute Order") (ECF No. 172) denying Defendant M. Julia Hook's Motion for Order Compelling Discovery ("Motion to Compel") (ECF No. 150) from Plaintiff LNV Corporation. Upon consideration of the Objection, the LNV's Response (ECF No. 177), Hook's Reply (ECF No. 178), the Court file,

and the applicable statutes, rules and case law, and being otherwise fully advised, the Objection is OVERRULED IN PART and SUSTAINED IN PART and the Minute Order is AFFIRMED IN PART.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Generally, LNV's action seeks to foreclose on a deed of trust on property originally titled solely in Hook's name; for fraudulent conveyance based on Hook's recording of a quit claim deed on the property in favor of Smith after this lawsuit was filed; and for a money judgment on the promissory note secured by the deed of trust on the property. As relevant to the Objection, Hook issued discovery requests to LNV, and LNV responded but redacted information from some of the documents produced based on the attorney-client privilege and work-product doctrine (collectively, "privilege" or "attorney-client privilege"). LNV provided Hook with a privilege log containing eight columns identifying the Bates number, the subject matter, a description of the information, the dates, the participants of any communication (including to/from/cc), and the privilege claimed. (ECF No. 152-3.) LNV did not redact the information identifying the participants in any communications withheld as privileged, so that Hook could confirm for herself the parties to such communications.[1] In addition, the privilege log contains an "Index" so Hook could determine the status of the persons involved in the communications, *e.g.,* whether the person identified is an attorney or paralegal. Hook disputed the application of the privilege and argued the crime-fraud exception applied to vitiate the privilege. The parties were unable to resolve their discovery dispute, so Hook filed her Motion to Compel.

On August 26, 2015, the Magistrate Judge held a hearing on the Motion to Compel.

---

[1] LNV's counsel represented as such during the hearing, and Hook did not and does not challenge that representation.

2

After hearing the parties' positions,[2] the Magistrate Judge orally denied the motion upon finding: (1) LNV's privilege log is sufficient to discharge its responsibilities under Fed. R. Civ. P. 26; and (2) Hook did not made a *prima facie* showing sufficient to invoke the crime-fraud exception to the privilege. The Magistrate Judge's oral order was followed by a written Minute Order (ECF No. 172). Hook's Objection followed.

## II.     STANDARD OF REVIEW

In order to modify or set aside any part of a non-dispositive order, the Court must find that it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997). The clearly erroneous standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (internal quotation marks and citation omitted); *Ariza v. U.S. West Commc'ns, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996). The "contrary to law" standard permits "plenary review as to matters of law," but the Court will set aside a Magistrate Judge's order only if he applied the wrong legal standard or applied the appropriate legal standard incorrectly. *See* 12 Charles Alan Wright et al., Federal Practice and Procedure § 3069 (2d ed. 1997). "Because a magistrate judge is afforded broad discretion in the resolution of non-dispositive . . . disputes, the court will overrule the magistrate judge's determination only if his discretion is abused." *Ariza*, 167 F.R.D. at 133 (internal quotation marks and citation omitted); *see also* Wright *et al.*, *supra*, at 350 (noting that the "contrary to law" standard appears to invite

---

[2] Hook's contention that the Magistrate Judge improperly interrupted her is without merit. Similarly, Hook's argument that the Magistrate Judge improperly precluded Defendant Smith from arguing Hook's motion is without legal or factual support. First, as the Magistrate Judge pointed out, the motion at issue is between Hook and LNV. Smith is not a party to and does not represent Hook on that motion. Second, notwithstanding this fact, the Magistrate Judge – in more than one instance – allowed Smith to argue his position.

plenary review but noting that "many matters . . . might be better characterized as suitable for an abuse-of-discretion analysis"). Defendant Hook proceeds *pro se*, but because she is an attorney the Court is not obliged to construe her filings liberally. *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001).

### III. THE OBJECTIONS

In her Objection, Hook argues the Magistrate Judge erred or abused his discretion because: (1) the Magistrate Judge disagreed with, and did not follow, the *Wildearth Guardians v. U.S. Forest Serv.*, 713 F. Supp. 2d 1243 (D. Colo. 2010), decision in determining whether LNV's privilege log is sufficient under Rule 26(b)[3]; (2) LNV's privilege log is insufficient to establish the existence of any privilege or that any privilege was not waived by dissemination; (3) Hook made a *prima facie* showing that the crime-fraud exception applies; and (4) the Magistrate Judge "refused" to rule on whether LNV's attorney had an ethical obligation under Colo. RPC 4.1 to disclose LNV's alleged criminal or fraudulent acts. The Court will address each argument in turn.

### A. The Privilege Log

Hook's challenge to the Magistrate Judge's findings as to the privilege log is two-fold: (1) the failure to apply *Wildearth Guardians*; and (2) the finding the privilege log is sufficient and any privilege has not been waived. The Court finds no error or abuse of discretion in the Magistrate Judge's determination of whether to apply *Wildearth Guardians* to the issues before him but finds certain deficiencies in the privilege log which the Court will allow LNV an opportunity to cure.

---

[3] Hook also asserts the Magistrate Judge allegedly "acknowledged" that Hook would prevail if *Wildearth Guardians* were to be applied. Such assertion is not supported by the record.

First, the Magistrate Judge is not bound by a decision issued by another federal district court judge sitting in the same district; therefore, he need not follow or apply *Wildearth Guardians*. *Fox v. Acadia State Bank*, 937 F.2d 1566, 1570 (11th Cir. 1991) ("A district court is not bound by another district court's decision, or even an opinion by another judge of the same district court…."); *see Ardese v. DCT, Inc.*, 280 F. App'x 691, 696 (10th Cir. 2008) ("[T]he fact that another judge in another case might have made a different decision…does not suggest that the district court in this case abused its discretion."); *see Forward v. Cotton Petroleum Corp.*, 540 F. Supp. 122, 124 n.4 (D. Colo. 1982) (In diversity actions, a federal district court is bound by decisions from the highest state court but not from decisions by other federal district courts). Further, the Court's review of *Wildearth Guardians*, along with *Plaza Ins. Co. v. Lester*, No. 14-cv-01162-LTB-CBS, 2015 WL 2538336 (D. Colo. June 4, 2015) and *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 250 F.R.D. 251 (D. Md. 2008), shows no error in the Magistrate Judge's decision.[4]  Thus, the Magistrate Judge's decision of which case to follow or not follow, as the case may be, was not clearly erroneous, contrary to law, or an abuse of discretion.

Next, the Court finds merit to Hook's argument that the privilege log is insufficient, but only as to some entries. Hook's Motion to Compel argued that all 211 entries in the log failed to meet the *Wildearth Guardians* standards, as the entries allegedly do not contain sufficient detail, failed to demonstrate the information was not shared with a wider group, failed to show there was a communication between an attorney and client, and/or any communication was for legal advice or intended to be confidential. (ECF No. 160, pages 11, 12.)  But, Hook's Motion to

---

[4] By this statement, the Court makes no determination as to which cases may be appropriate to apply and under what circumstances. For instance, there may be circumstances where the standards in *Wildearth Guardians* should be applied.

Compel failed to direct the Court to the deficiency in any log entry. And, Hook's Objection fares no better. Regardless, the burden is on LNV in the first instance to show the various log entries are sufficient under Rule 26. LNV contends it has done so as to each log entry, and under the *Wildearth Guardians* standards, but the Court finds otherwise.

As an initial matter, as noted, the Court finds that compliance with the *Wildearth Guardians* standards is not required under the facts and circumstances of this case. For example, those standards require the party asserting the privilege to provide the addresses of all recipients of the document, a requirement the Court finds unnecessary in this case and which Hook did not raise as a basis for her Objection.[5]

Next, the Court agrees that, in the privilege log, LNV has, for example, identified the author of documents, referenced the attachments, and provided dates. The Court does not agree, however, that the log identifies all recipients in all instances.[6] For example, Bates No. LNV_00586, 598, 616, and 591 identify the documents as containing legal advice from Aronowitz & Mecklenberg, LNV's law firm, but fail to identify to whom such advice was disclosed. Presumably to LNV, but the Court should not have to make such presumptions. If the document was disclosed only to LNV, then the log should so identify. If not, then LNV should identify to whom the document was disclosed, including the title or status (*e.g.*, attorney or LNV management) of the recipient(s). LNV will be afforded an opportunity to correct such deficiency as directed below. *See Wildearth Guardians*, 713 F. Supp. 2d at 1266-67 (allowing parties to cure deficiencies in their privilege log).

---

[5] In addition, the Court notes that LNV provided addresses at ECF No. 150-9, page 6.
[6] The Magistrate Judge accepted LNV's counsel's representations concerning the recipients of the information/documentation on which the privilege was claimed. The issue is not with counsel's representation but, rather, with the omission in the privilege log in certain entries where no recipients are identified.

### B. The Crime-Fraud Exception

Hook argues she has made a *prima facie* showing that the crime-fraud exception applies through LNV counsel's statements in his responses to discovery and the allegations in her Verified Answer. But such arguments are nothing more than that, for Hook fails to direct the Court to any specific statements or allegations which would support a showing that the exception applies. And, although it is not the Court's burden to hunt through the record to determine if there is support for a party's position, the Court has nonetheless reviewed the responses and the Verified Answer in their entirety but finds insufficient support for Hook's contention. No crime has been alleged. And, Hook's assertions of fraud, notwithstanding their verification, are conclusory and lack factual specificity; therefore, they are insufficient to establish the exception applies.[7] *See Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1551 (10th Cir. 1995) (party claiming crime-fraud exception "must present prima facie evidence that the allegation of attorney participation in crime or fraud has some foundation in fact"); *In re Grand Jury Subpoenas*, 144 F.3d 653, 660 (10th Cir. 1998) (same).

### IV. CONCLUSION

Based on the foregoing, as stated herein, the Court finds that LNV's privilege log is deficient but will afford LNV an opportunity to cure such deficiency. In all other respects, the Court finds the Magistrate Judge's order denying Defendant Hook's Motion to Compel is not clearly erroneous, contrary to law, or an abuse of discretion.[8] Accordingly, the Court:

---

[7] In light of this finding, the Magistrate Judge neither erred nor abused his discretion in allegedly "refusing" to address unsubstantiated claims of any ethical obligations owed by LNV's counsel.

[8] Hook also requests the Court to sanction LNV's counsel and for oral argument on her Objection. Hook has shown no legal or factual basis for the imposition of sanctions against LNV's counsel. And, after reviewing the parties' briefs, the hearing held by the Magistrate Judge, and relevant portions of the court file, the Court finds that oral argument is unnecessary as it would not materially assist in deciding the issues raised in the papers. *See*

(1) OVERRULES IN PART and SUSTAINS IN PART the "Objection to Magistrate Judge's Order Denying Defendant M. Julia Hook's Motion for Order Compelling Discovery from Plaintiff LNV Corporation; Request for Oral Argument" and DENIES Defendant Hook's request for oral argument. (ECF No. 173);

(2) AFFIRMS IN PART Magistrate Judge Craig B. Shaffer's Minute Order of August 26, 2015 (ECF No. 172) denying Defendant M. Julia Hook's Motion for Order Compelling Discovery (ECF No. 150) as stated herein; and

(3) ORDERS that on or before October 30, 2015, Plaintiff LNV Corporation shall serve on Defendant Hook an amended privilege log identifying all recipients. If Defendant Hook determines that the amended privilege log is insufficient as to the identity of such recipients, and the parties are unable to resolve their differences, Hook may seek relief addressing such alleged insufficiencies within two weeks of the service of the amended privilege log.

DATED this 20th day of October, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

D.C.COLO.LCivR 7.1(h) ("A motion may be decided without oral argument, at the court's discretion.").