**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 14-cv-00955-RM-CBS

LNV CORPORATION,

    Plaintiff,

v.

M. JULIA HOOK, an individual,
THE PRUDENTIAL HOME MORTGAGE, INC.,
UNITED STATES OF AMERICA,
SAINT LUKE'S LOFTS HOMEOWNER ASSOC. INC.,
DEBRA JOHNSON, in her official capacity as the Public Trustee of the City and County of Denver, Colorado, and
DAVID L. SMITH, an individual,

    Defendants.

---

**ORDER**

---

THIS MATTER is before the Court on "Defendant M. Julia Hook's Motion for Revision of Order Denying Motion to Dismiss United States' 'Claim For Proceeds' against Hook; Request for Recusal and/or Disqualification of United States District Judge Raymond P. Moore; and Request for Oral Argument" ("Motion for Reconsideration") (ECF No. 190), requesting this Court to "reverse" its Order of September 25, 2015 ("Order") (ECF No. 183) granting, in part, Hook's "Motion to Dismiss United States' Amended Cross Claim" ("Motion to Dismiss") (ECF No. 99); to dismiss this case "*in its entirety*"; and to recuse itself from this proceeding.  Upon

consideration of the Motion for Reconsideration,[1] the Court file, and the applicable statutes, rules and case law, and being otherwise fully advised, the Motion for Reconsideration is DENIED in all respects.[2]

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Briefly, in the Motion to Dismiss, Defendant Hook sought to strike the United States' "Claim for Proceeds" as untimely under Fed. R. Civ. P. 12(f), and to dismiss such claim for lack of subject matter jurisdiction, failure to join an indispensable party, and failure to state a claim. (ECF No. 99.) No dismissal of LNV's claims was sought. The United States' response stated, among other things, it filed no claim in this matter against Hook or Smith, but only set forth its "claim" as to why it is entitled to a distribution of proceeds from the sale of the real property at issue in this case. (ECF No. 107.)

The Court granted Hook's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(f), striking the Claim for Proceeds to the extent it asserted a claim against Hook. The Court did not strike the Claim for Proceeds to the extent it sets forth the United States' position as to why it is entitled to a distribution of the proceeds, in defense of LNV's claims. The Court also reasoned that "[e]ven if the United States had not included the Claim [for Proceeds], it would still be entitled to seek the enforcement of its liens in this case, a right which continues to exist notwithstanding the striking of the Claim [for Proceeds] insofar as it purports to be a claim against Hook." (ECF No. 183, page 4 n.1.) As any claim was stricken, the Court denied Hook's requests for dismissal of such claim as moot.

---

[1] The Court may rule on a motion at any time after it is filed. *See* D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").
[2] The Court finds that oral argument is unnecessary as it would not materially assist in deciding the issues raised in the Motion for Reconsideration. *See* D.C.COLO.LCivR 7.1(h) ("A motion may be decided without oral argument, at the court's discretion.").

In her Motion for Reconsideration, Hook requests this Court not only to reverse its Order but also to grant her relief which was not requested in the Motion to Dismiss, *i.e.,* dismissal of this case (including LNV's claims) "*in its entirety*." (ECF No. 190, page 8, emphasis in original.)

## II. MOTION FOR RECONSIDERATION

### A. Standard of Review

A "motion for reconsideration" is not specifically recognized in the Federal Rules of Civil Procedure. *See Hatfield v. Bd. of County Comm'rs for Converse County,* 52 F.3d 858, 861 (10th Cir. 1995). Nonetheless, "the court retains the power to alter rulings until final judgment is entered on a cause." *Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed.R.Civ.P. 54(b)). Such motions may not "merely advance[] new arguments" or provide "supporting facts which were available at the time of the original motion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Instead, the court considers whether reconsideration is appropriate due to an intervening change in the controlling law, new evidence previously unavailable, or the need to correct a legal error. *See id.*

### B. Analysis

Hook contends the Order is clearly erroneous, contrary to law, and a gross abuse of discretion,[3] based on allegations that: (1) this Court lacks subject matter jurisdiction over LNV's and the United States' claims against Hook; and (2) LNV and the United States failed to allege or establish compliance with 26 U.S.C. § 7403, *e.g.,* that the Attorney General or his delegate, at the request of the Secretary of the Treasury, has directed the filing of a civil action to enforce a

---

[3] This is the standard applicable to the Court's review of objections to orders of a magistrate judge. *See* Fed. R. Civ. P. 72(a).

tax lien and that all necessary persons are parties to such action.  The Court finds otherwise.

The Court will first address Hook's arguments concerning LNV.  Hook's Motion to Dismiss challenged the Court's jurisdiction over the United States' "cross claim," not over LNV's claims.  Thus, the Court's Order, which Hook seeks to reverse, did not address any jurisdictional issues concerning LNV's claims.[4]  Similarly, Hook's Motion to Dismiss did not argue LNV's allegations were insufficient under § 7403; therefore, the Order did not address any such issue.  Accordingly, Hook fails to show there can be – much less there should be – "reconsideration" of any issue concerning jurisdiction over or the sufficiency of the allegations of LNV's claims when such matters were not considered in the Order in the first instance.

Next, as to Hook's arguments directed at the United States, upon the striking of the United States' claim against Hook, any jurisdictional issue over any claim was moot as there was no claim for which jurisdiction was required.  Accordingly, Hook fails to show a sufficient basis to support a reconsideration – or reversal – of the Order declining to address any jurisdictional issue.[5]

Finally, the application of 26 U.S.C. § 7403 and the sufficiency of the United States' allegations to comply (or the necessity of compliance) with § 7403 were not raised in the Motion to Dismiss.  Reconsideration of a matter that was not considered is improper.

### III.    MOTION TO DISQUALIFY

Hook seeks to disqualify this Court from proceeding further in this case, but apparently only after deciding her Motion to Reconsider.  The Court finds no basis for its disqualification.

---

[4] Hook's challenges to the Court's jurisdiction over LNV's claims were raised in *another* motion to dismiss (ECF No. 87) and addressed by *another* order (ECF No. 181).  Smith's challenges were addressed by yet another order. (ECF No. 182.)

[5] Moreover, in light of the United States' statement that it asserts no claims, and the Court's striking of any claims, there can be no parties to such nonexistent claims.

Pursuant to 28 U.S.C. § 455(a), "[a]ny…judge…of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Further, the judge shall disqualify himself "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). A judge's duty to recuse is a continuing one, "before, during, or, in some circumstances, after a proceeding, if the judge concludes that sufficient *factual grounds* exist to cause an objective observer reasonably to question the judge's impartiality." *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993) (emphasis added); *U.S. v. Pearson*, 203 F.3d 1243, 1277 (10th Cir. 2000). The issue is "whether a reasonable person, knowing all of the relevant facts, would harbor doubts about the judge's impartiality." *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (quotation marks omitted, citing *Cooley,* 1 F.3d at 993). "The statute is not [, however,] intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *Cooley*, 1 F.3d at 993; *Nichols*, 71 F.3d at 351. And, "adverse rulings cannot in themselves form the appropriate grounds for disqualification." *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997) (quotation marks and citation omitted); *Scott v. Rubio*, 516 F. App'x 718, 723 (10th Cir. 2013). The decision to recuse is committed to the sound discretion of the district court. *Cooley,* 1 F.3d at 994; *Phillips v. The Pepsi Bottling Group*, 373 F. App'x 896, 898 (10th Cir. 2010) (discussing § 455(b)(1)).

Hook contends this Court has demonstrated bias against Hook by refusing to dismiss the United States' Claim for Proceeds against Hook for lack of subject matter jurisdiction and for failure to comply with 26 U.S.C. § 7403. As previously stated, any claim against Hook has been stricken; therefore, there is no claim to dismiss. Moreover, Hook's Motion to Dismiss never sought dismissal based on 26 U.S.C. § 7403; therefore, any "refusal" to dismiss on this basis

could hardly serve to support the assertion of bias.[6]  Neither Hook's contention nor this Court's independent review of the record supports a recusal of this Court.

## IV.     CONCLUSION

Based on the foregoing, the Court ORDERS that Defendant M. Julia Hook's Motion for Revision of Order Denying Motion to Dismiss United States' "Claim for Proceeds" against Hook; Request for Recusal and/or Disqualification of United States District Judge Raymond P. Moore; and Request for Oral Argument" (ECF No. 190) is DENIED.

DATED this 22nd day of October, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

---

[6] By its statement concerning the United States' "right" to seek enforcement of its lien, the Court was acknowledging the continued existence of the United States' position concerning its entitlement – "claim" – to the proceeds from any sale of the real property at issue notwithstanding that it is not asserting any claim (*i.e.,* counterclaim or crossclaim) against Hook.  The Court was making no findings concerning the validity or merits of the United States' position.