IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Raymond P. Moore**

Civil Action No. 14-cv-00955-RM-CBS

LNV CORPORATION,

     Plaintiff,

v.

M. JULIA HOOK, an individual,
THE PRUDENTIAL HOME MORTGAGE, INC.,
UNITED STATES OF AMERICA,
SAINT LUKE'S LOFTS HOMEOWNER ASSOC. INC.,
DEBRA JOHNSON, in her official capacity as the Public Trustee of the City and County of Denver, Colorado, and
DAVID L. SMITH, an individual,

     Defendants.

_____

**ORDER DENYING
DEFENDANT M. JULIA HOOK'S
MOTION TO DISMISS THIS CASE IN ITS ENTIRETY
FOR LACK OF SUBJECT MATTER JURISDICTION (ECF NO. 203)**
_____

This matter is before the Court on "Defendant M. Julia Hook's Motion to Dismiss this Case *in its Entirety* for Lack of Subject-Matter Jurisdiction; Request for Oral Argument" (the "Motion to Dismiss") (ECF No. 203, emphasis in original), seeking dismissal pursuant to Fed. R. Civ. P. 12(h)(3). Defendant United States filed a Response (ECF No. 205), to which Defendant Hook filed a Reply (ECF No. 209). Upon consideration of the Motion to Dismiss, the Response, the Reply, the Court file, and the applicable rules, statutes and case law, and being otherwise fully advised, the Motion to Dismiss is DENIED.[1]

---

[1] Hook requests oral argument. After reviewing all relevant matters, the Court finds that oral argument is unnecessary as it would not materially assist in deciding the issues raised in the papers. *See* D.C.COLO.LCivR 7.1(h) ("A motion may be decided without oral argument, at the court's discretion.").

## I.     FACTUAL AND PROCEDURAL BACKGROUND

The Court has previously recited the background of this case in other orders, so it will not be repeated here except to the extent necessary to address the issues at hand.   The issue of this Court's subject matter jurisdiction has been previously raised by Defendant Hook (and Defendant Smith), but their arguments were rejected.   (ECF Nos. 181, 182.)   Because some additional bases have been raised as to the issue of the Court's subject matter jurisdiction, and this Court must examine its subject matter jurisdiction at every stage of the proceeding, the Court will address the issue again.

## II.     STANDARD OF REVIEW

Hook's Motion was filed under Rule 12(h)(3) but the parties fail to address the applicable standard of review for such a motion.   Pursuant to Rule 12(h)(3), the district court "shall dismiss the action whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter….If the sufficiency of the jurisdictional allegations is challenged by the court or an opposing party, the burden of proof as to the existence of federal jurisdiction is on the party who claims that jurisdiction exists."   5 Charles Alan Wright et al., Federal Practice and Procedure § 1214 (3d ed. 2004) (internal quotation marks and emphasis omitted); *Marcus v. Kansas Dep't of Revenue,* 170 F.3d 1305, 1309 (10th Cir. 1999).   The Court applies the same standard of review as a motion to dismiss under Rule 12(b)(1).   *See Citizens for Responsible Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1189 (10th Cir. 2000).

Generally, a motion to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter may take one of two forms – a facial attack or a factual attack.   *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001).   In a facial attack, the moving party challenges the

complaint's allegations as to the existence of subject matter jurisdiction.[2] *Id.* In a factual attack, the moving party goes beyond the allegations in the complaint and challenges the facts on which subject matter jurisdiction is based. *Id.*

In this case, Hook appears to make a facial attack on Plaintiff LNV's and the United States' allegations, and a factual attack as well as to subject matter jurisdiction under 26 U.S.C. § 7403. Hook proceeds *pro se*, but the Court is not obliged to construe her pleadings liberally as she is an attorney. *See Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001).

### III. ANALYSIS

#### A. Subject Matter Jurisdiction

The United States removed this action from the District Court, City and County of Denver, Colorado to this Court pursuant to 28 U.S.C. §§ 1441, 1442, and 1444. In its Response, the United States argues removal was proper under all three sections, and under the jurisdictional grants of various statutes. Hook's Reply fails to address the application of these sections or statutes, except for her continuing argument that the requirements under 26 U.S.C. § 7403 have not been met. After conducting an analysis, the Court largely agrees with the United States.

##### 1. Removal under § 1444

Pursuant to 28 U.S.C. § 1444, "[a]ny action brought under section 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending." Under § 2410(a), "the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction over the subject matter . . . to foreclose a mortgage or other lien upon, . . . real . . . property on which the United States has or claims a mortgage or other lien." In this case,

---

[2] As discussed below, however, these general rules do not always apply.

Plaintiff LNV named the United States as a defendant because it claims tax liens on the real property against which foreclosure is sought. According, the Court has jurisdiction over this case pursuant to 28 U.S.C. § 2410.

### 2. Removal under § 1442

Pursuant to 28 U.S.C. § 1442(a)(1), "[a] civil action . . . that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: (1) The United States or any agency thereof...."[3] This statute "affords the federal government, its officers, and agencies a generous removal mechanism over and above that provided by the general removal statute, 28 U.S.C. § 1441, to all defendants." *Pretlow v. Garrison*, 420 F. App'x 798, 800 (10th Cir. 2011). Further, while "removals under section 1441 are subject to the well-pleaded complaint rule,…those under section 1442 are not." *Id.* (quoting *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006)). An issue is raised, however, as to whether removal must still be predicated on allegations of a colorable federal defense. *See Mesa v. California,* 489 U.S. 121, 129 (1989); *Pretlow*, 420 F. App'x at 800-01. Regardless, any such requirement is met in this case. Here, LNV's lawsuit is directed against the United States as a defendant because it has an interest in the property upon which LNV seeks to foreclose, and the United States defends based on its asserted federal tax liens. As such, the lawsuit was properly removed to this Court based on § 1442(a)(1), and this Court has subject matter jurisdiction over this action.

### 3. Removal under § 1441

The United States argues that removal was also proper under 28 U.S.C. § 1441. Section

---

[3] In its previous Order of September 25, 2015 (ECF No. 181, page 8 n.6), the Court also discussed the application of § 1442(a)(1) and appeared to limit the removable action as against the United States to those for the collection of revenue. As against the United States, the Court finds the statute is not so limited.

1441 provides, in relevant part, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." According to the United States' analysis, pursuant to 28 U.S.C. § 1340, the district courts have "original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue," and, pursuant to 26 U.S.C. §§ 6321 & 7402(a), the Internal Revenue Code grants federal district courts the authority to enforce federal tax liens against a taxpayer's property. Thus, the United States surmises, jurisdiction may be afforded because it is "involved in this lawsuit to enforce federal tax liens."

On this record, it is unclear whether removal and jurisdiction may be proper under these statutes as the United States contends where it has brought no claims – no action – against Hook, and its assertion of its alleged right to enforce liens is in defense to LNV's claim to foreclose on the real property at issue. The United States quotes from the statutes but provides no case law or analysis in support of its position. Nonetheless, the Court finds it need not decide this question as subject matter jurisdiction otherwise exists as discussed herein.[4]

### B. The Application of 26 U.S.C. § 7403

Hook argues that dismissal is warranted for lack of subject matter jurisdiction as the United States and LNV failed to allege or establish compliance with 26 U.S.C. § 7403. Even assuming such actions are required by LNV and by the United States, as previously stated, the Tenth Circuit

---

[4] Nonetheless, a similar issue was raised in Hook's appeal of the Court's denial of her Verified Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction (ECF No. 171). *See LNV Corp. v. Hook*, No. 14-1438, 2015 WL 4927014, at *2 (10th Cir. Aug. 19, 2015) (unpublished). There, Hook argued on appeal to the Tenth Circuit that this (District) Court lacked subject matter jurisdiction over this case, to which the United States responded that jurisdiction was proper pursuant to 26 U.S.C. §§ 7402 and 7403. In reply on appeal, Hook did not challenge "the broad grant of jurisdiction under § 7402," *id*., but argued the government failed to comply with certain requirements under § 7403. After finding that § 7403 is not jurisdictional, the Tenth Circuit stated that "any failure to comply with its provisions did not deprive the district court of jurisdiction under § 7402(a)." *Id.*

has found that § 7403 is not jurisdictional. *See LNV Corp. v. Hook*, 2015 WL 4927014, at *2. Accordingly, dismissal on this basis cannot be sustained.

### C. The Court's Order of September 25, 2015

Hook again objects to this Court's Order of September 25, 2015 (the "September 2015 Order") (ECF No. 183), granting, in part, Hook's "Motion to Dismiss United States' Amended Cross Claim." Hook's prior request (ECF No. 190) for "revision" of this September 2015 Order was rejected by the Court by Order dated October 22, 2015 (ECF No. 196). Hook's current argument, in addition to raising previously rejected matters, asserts the September 2015 Order is unconstitutional on its face and as applied. Hook's conclusory argument, made without analysis or citation to any legal authority, is rejected for failure to show such asserted unconstitutionality.[5] Moreover, Hook's argument fails to show how such alleged unconstitutionality precludes this Court from having subject matter jurisdiction. Accordingly, Hook's argument is without merit.

### D. Certification for an Interlocutory Appeal under 28 U.S.C. §1292(b)

In her Reply, Hook summarily requests the Court to authorized an interlocutory appeal under 28 U.S.C. § 1292(b). Under § 1292(b), the Court has discretion to certify for immediate appeal interlocutory orders "deemed pivotal and debatable." *See Swint v. Chambers County Comm'n,* 514 U.S. 35, 36 (1995). In addition to impermissibly raising the issue in her Reply, Hook fails to address, much less show, that the requirements for an order allowing such appeal should be entered. Accordingly, this request is denied.

---

[5] Hook is advised again to refrain from raising new matters for the first time in a reply. *See Pippin v. Burlington Resources Oil & Gas Co.*, 440 F.3d 1186, 1192 (10th Cir. 2006).

## IV.     CONCLUSION

The Unites States has shown that subject matter jurisdiction is proper in this removed action.   The Court must – and will – evaluate its subject matter jurisdiction, even *sua sponte*, but will not revisit arguments previously raised and rejected.   Future motions raising no new legal arguments or factual matters for the Court's consideration may be summarily denied *sua sponte* without further explanation.

Based on the foregoing, "Defendant M. Julia Hook's Motion to Dismiss this Case *in its Entirety* for Lack of Subject-Matter Jurisdiction; Request for Oral Argument" (ECF No. 203) is DENIED.

DATED this 2nd day of December, 2015.

> BY THE COURT:
>
> _____
> RAYMOND P. MOORE
> United States District Judge