**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 14-cv-00955-RM-CBS

LNV CORPORATION,

    Plaintiff,

v.

M. JULIA HOOK, an individual,
THE PRUDENTIAL HOME MORTGAGE, INC.,
UNITED STATES OF AMERICA,
SAINT LUKE'S LOFTS HOMEOWNER ASSOC. INC.,
DEBRA JOHNSON, in her official capacity as the Public Trustee of the City and County of Denver, Colorado, and
DAVID L. SMITH, an individual,

    Defendants.

_____

**ORDER ON
DEFENDANT UNITED STATES' RENEWED MOTION TO DISMISS
DEFENDANT HOOK'S COMPULSORY COUNTERCLAIMS (ECF NO. 156)**
_____

This matter is before the Court on Defendant United States': (1) Renewed Motion to Dismiss Crossclaims (the "Renewed Motion to Dismiss") (ECF No. 156) directed at Defendant M. Julia Hook's "Counterclaims"[1] ("First Counterclaims") (ECF No. 37); and (2) Response (ECF No. 200) to the Court's October 23, 2015 Order directing the United States to advise the Court whether the Renewed Motion to Dismiss is also directed at Defendant Hook's then recently filed "Compulsory Counterclaims" (ECF No. 189). The United States' Response advises the Renewed

---

[1] The parties disagree whether Hook's various claims, denominated as counterclaims, are properly crossclaims. This issue, *see* 5 Charles Alan Wright et al., Federal Practice and Procedure § 1187 (3d ed. 2004), is not one this Court needs to resolve for purposes of the motions. Instead, the Court will refer to the claims as Hook has titled them.

Motion to Dismiss is also directed to Hook's Compulsory Counterclaims. The Court allowed Hook to file a response to the Response and she responded with a Motion to Strike (ECF No. 208). The Court has considered the Renewed Motion to Dismiss, the Response, Hook's Motion to Strike, the Court file, and the case law, statutes, and rules, and taken judicial notice of *Smith v. U.S.,* Civil Action No. 13-cv-01156-RM-KLM (hereafter the "*Smith* Action"). Upon consideration of these matters, and being otherwise fully advised, the Renewed Motion to Dismiss, as supplemented by the Response (collectively, hereafter "Renewed Motion to Dismiss," unless the context otherwise requires) is GRANTED and the Motion to Strike is DENIED.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

There are (or were) two lawsuits involving Hook and the United States assigned to this Court. The first action was filed May 1, 2013, by David L. Smith[2] and Hook against the United States "for the recovery of internal-revenue taxes erroneously or illegally assessed or collected, and penalties collected without authority, and sums that are excessive or were collected in a wrongful manner under internal-revenue laws…and to quiet title to real and personal property…." (*Smith* Action, ECF No. 68.[3]) At issue were Hook's (and Smith's) liabilities for the 1992-1996 and 2001-2006 tax years. By Order ("*Smith* Decision") dated November 20, 2014, the Court dismissed the *Smith* Action without prejudice upon motion to dismiss filed by the United States. Hook (but not Smith) appealed.

By Order and Judgment issued on August 19, 2015, the *Smith* Decision was affirmed by the United States Court of Appeals for the Tenth Circuit. *Hook v. United States*, No. 15-1022,

---

[2] Smith is Hook's husband.
[3] References to filings in the *Smith* Action will be identified as such. In the absence of a reference to the *Smith* Action, the references are to filings in this action.

2015 WL 4927272 (10th Cir. Aug. 19, 2015) (unpublished) ("*Hook* Appeal"). By Order issued October 7, 2015, Hook's petition for rehearing and for rehearing en banc was denied. On October 15, 2015, the Tenth Circuit issued its mandate. Hook represents that she intends to seek further relief from the Tenth Circuit and may file a petition for writ of certiorari to the United States Supreme Court. (*E.g.,* ECF No. 212, page 7.)

Meanwhile, a second action was filed on April 3, 2014, but by Plaintiff LNV Corporation against Hook, the United States, Smith, and others.[4] LNV seeks to foreclose on a deed of trust on property originally titled solely in Hook's name; a money judgment against Hook on a promissory note; and to set aside Hook's allegedly fraudulent transfer of the property to herself and Smith as joint tenants. (ECF No. 3.) The United States filed an Answer and Claim ("First Claim") (ECF No. 30) to LNV's complaint, to which Hook filed the First Counterclaims against the United States. At issue in those First Counterclaims were Hook's liabilities for the 1992-1996 and 2001-2006 tax years – the identical issues raised in the *Smith* Action. The United States moved to dismiss the First Counterclaims (ECF No. 39, "Motion to Dismiss Crossclaims"). Thereafter, LNV filed a Second Amended Complaint (ECF No. 70), which was followed by a number of filings. They include, as relevant to the issues at hand, the following:

- The United States' Renewed Motion to Dismiss (ECF No. 156), seeking the same relief as the Motion to Dismiss Crossclaims – the dismissal of Hook's First Counterclaims;

---

[4] LNV's action was initially filed in the state court but removed to this Court by the United States. (ECF No. 1.)

3

- The Court's Order (ECF No. 185) denying the United States' Motion to Dismiss Crossclaims as moot in light of the filing of the Renewed Motion to Dismiss;

- Hook's "Compulsory Counterclaims" against the United States – again challenging her tax liabilities for the 1992-1996 and 2001-2006 tax years;

- The United States' Response, supplementing the Renewed Motion to Dismiss, seeking dismissal of Hook's Compulsory Counterclaims; and

- Hook's Motion to Strike the attachments to the Response.

The filings raise a number of issues, including whether the filing of Hook's Compulsory Counterclaims moots Hook's First Counterclaims. After its review and analysis of all relevant matters, the Court finds Hook's filing of her Compulsory Counterclaims moots her First Counterclaims.[5] Accordingly, at issue are the United States' Renewed Motion to Dismiss Hook's Compulsory Counterclaims and Hook's Motion to Strike.

## II.   STANDARD OF REVIEW

Generally, a motion to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter may take one of two forms – a facial attack or a factual attack. *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001). In a facial attack, the moving party challenges the complaint's allegations as to the existence of subject matter jurisdiction. *Id.* In a factual attack, the moving party goes beyond the allegations in the complaint and challenges the facts on which subject matter jurisdiction is based. *Id.*

---

[5] The Court's findings are also based on the record, including the lack of any objection to the filing of the Compulsory Counterclaims.

Here, the Renewed to Dismiss challenges the facts underlying Hook's allegations of jurisdiction – a factual attack. "In reviewing a factual attack, a court has 'wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts.'" *Id.* (quoting *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)). The court's reference to evidence outside the pleadings, however, does not convert a Rule 12(b)(1) motion into a Rule 56 motion. *Stuart*, 271 F.3d at 1225. "Because the jurisdiction of federal courts is limited, 'there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof.'" *Marcus v. Kansas Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999) (quoting *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991)).

A motion under Rule 12(b)(6) challenges only the sufficiency of the complaint. *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1295 (10th Cir. 2003). In reviewing the challenged complaint, the court accepts all "well-pled factual allegations in the complaint as true [and] 'resolve[s] all reasonable inferences in the plaintiff's favor.'" *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (quoting *Morse v. Regents of the Univ. of Colo.*, 154 F.3d 1124, 1126-27 (10th Cir. 1998)). The "complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.' . . . A plaintiff must 'nudge [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (brackets in original). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Khalik*, 671 F.3d at 1191 (quotation marks and brackets omitted). "[M]ere 'labels and conclusions,'" and "'formulaic

recitation[s] of the elements of a cause of action' will not suffice." *Khalik*, 671 F.3d at 1191 (quoting *Twombly*, 550 U.S. at 555).

In considering a Rule 12(b)(6) motion, however, the court may also consider any attached exhibits, documents incorporated by reference, and "'documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'" *Smith v. United States,* 561 F.3d 1090, 1098 (10th Cir. 2009) (quoting *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007)); *Farrell-Cooper Min. Co. v. U.S. Dep't of the Interior*, 728 F.3d 1229, 1237 n.6 (10th Cir. 2013). And, "factual allegations that contradict…a properly considered document are not well-pleaded facts that the court must accept as true." *GFF Corp. v. Associated Wholesale Grocers,* 130 F.3d 1381, 1385 (10th Cir. 1997); *Farrell-Cooper Min. Co.*, 728 F.3d at 1237 n.6.

Hook proceeds *pro se*, but the Court is not obliged to construe her pleadings liberally as she is an attorney. *See Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001).

**III.   ANALYSIS**

**A. The Motion to Strike**

In support of its Renewed Motion to Dismiss, the United States submitted, with its Response, Form 4340s, "Certificate of Assessments, Payments, and Other Specified Matters," for tax years 1996, 2001-2006, and 2008, showing an outstanding balance due from Hook for each of those tax years. In addition, two Declarations were submitted, one by the United States' attorney (the "Maragani Declaration") authenticating the Form 4340s and the other one by IRS Insolvency Advisor Yvonne M. Tibbs.

In response, Hook moves to strike the submissions, raising four arguments: 1) the United States fails to establish the documents are relevant or admissible "on any affirmative defenses and other factual matters raised" in the Renewed Motion to Dismiss; 2) such matters are inappropriate for determination under an "unconverted motion" under Rule 12(b)[6]; 3) a motion to dismiss must be converted to a Rule 56 motion where the jurisdictional question is intertwined with the merits; and 4) the materials submitted with the United States' Response were not submitted with the Renewed Motion to Dismiss.[7] Among other things, the United States contends Hook is simply regurgitating an argument previously made and rejected by this Court – the argument that the Court cannot consider factual matters outside Hook's Compulsory Counterclaims in deciding the United States' Renewed Motion to Dismiss under Rule 12(b). The Court agrees with the United States' contention, and rejects Hook's second and third arguments.[8] *See Hook v. United States*, 2015 WL 4927272, at * 4 (finding Hook's argument, in the *Smith* Action, that the court should have converted the government's Rule 12(b) motion to dismiss to a Rule 56 motion for summary judgment upon the court's refusal to exclude a Tibbs' declaration to be "devoid of merit."); *Stuart*, 271 F.3d at 1225 (discussing Rule 12(b)(1) motion); *Smith v. United States,* 561 F.3d at 1098 (discussing Rule 12(b)(6) motion).

---

[6] Hook also argues the United States' motion to dismiss would be moot if this Court were to grant her Motion to Dismiss this Case *in its Entirety* for Lack of Subject Matter Jurisdiction (ECF No. 203, emphasis in original). That motion, however, has been denied. (ECF No. 217.)

[7] Hook's "Verified Reply" also requests, pursuant to Rule 12(i), the Court to defer ruling on the United States' Renewed Motion to Dismiss until after a jury trial in this matter. The request is denied because it was raised for the first time in a reply, *Pippin v. Burlington Resources Oil & Gas Co.*, 440 F.3d 1186, 1192 (10th Cir. 2006); a motion may not be included in a reply, D.C.COLO.LCivR 7.1(d); and on the merits for failure to provide sufficient basis for the request.

[8] In the *Smith* Action, Hook did not raise the argument that the jurisdictional question is intertwined with the merits but the Court addressed the issue in footnote 4 of the *Smith* Decision. Hook did raise the matter in her Petition for Rehearing En Banc, which petition was denied. (ECF No. 212-2, pp. 13-14.)

As for Hook's first argument – that the documents submitted cannot be considered because she is entitled to cross-examine the declarants on the relevancy and admissibility of the Declarations – that too is rejected.   Hook cites no authority to support such entitlement and provides insufficient reasons to support her asserted inability to challenge the relevancy and admissibility of the documents.   Hook's contention that the United States did not produce the *underlying* documents to those attached to the Maragani Declaration does not require a contrary finding where she fails to explain why such documents are necessary, and provides nothing but vague and conclusory allegations of fraudulently concealed documents.

Finally, as to Hook's fourth argument that the documents were not previously submitted with the Renewed Motion to Dismiss, the Court agrees.   But, that is immaterial where Hook was given the opportunity to address the United States' Renewed Motion to Dismiss, including these documents.   According, the Motion to Strike is denied.

### B. The Renewed Motion to Dismiss

Hook's Compulsory Counterclaims in this action are nearly identical to the claims dismissed in the *Smith* Action.   First, the claims are the same – Hook seeks to "recover[] …internal-revenue taxes erroneously or illegally assessed or collected, and penalties collected without authority, and sums that are excessive or were collected in a wrongful manner under internal-revenue laws,…and to quiet title to real and personal property….   (ECF No. 189, page 23, ¶A; *Smith* Action, ECF No. 68, pages 1-2.)   Next, Hook's attachments to the Compulsory Counterclaims are the same as those attached to the claims in the *Smith* Action, except for the lack of redactions in Exhibit A.   (*Cf.* ECF No. 68, Ex. 1 (*Smith* Action) *with* ECF No. 189-1.)   Finally,

the relief Hook seeks is the same is all material respects – a refund/credit/set-off for amounts allegedly overpaid for tax years 1992-1996 and 2001-2006; the abatement of penalties and interest for such tax years; economic damages; the release of all federal tax liens; the return of all levied/seized property; the release of continuing levies on Smith's and Hook's social security payments; to quiet title to property; interests, costs, and attorneys' fees and expenses; and other legal and equitable relief.   Thus, it is no surprise that the United States seeks dismissal of the Compulsory Counterclaims on essentially the same bases which support the dismissal of the *Smith* Action.

Specifically, the United States' arguments are those made in the *Smith* Action, but supplemented to reflect that, since the Court's issuance of the November 20, 2014 *Smith* Decision: (1) Hook has fully paid her tax liabilities for 1995 as of November 21, 2014; and (2) the Tenth Circuit has affirmed the *Smith* Decision.   In addition to those raised in the Renewed Motion to Dismiss, the United States asserts the following three arguments in its Response.   First, the United States contends Hook's challenge to the Tax Court decisions for the 1992-1996 and 2001-2005 tax years is barred because those decisions were affirmed by the Tenth Circuit, and is binding precedent.   Second, the United States asserts this Court lacks subject matter jurisdiction to hear Hook's request for a refund for the 1995 tax year because she did not file a claim for refund after fully paying the liability for this tax year.   Finally, the United States avers this Court lacks subject matter jurisdiction to hear Hook's challenges to her tax liability for the 1996, 2001-2006, and 2008 tax years because she has not fully paid her liabilities for any of those tax years.

In response,[9] Hook relies on two arguments. First, Hook contends subject matter jurisdiction is demonstrated by her papers filed in the Tenth Circuit on her appeal of the *Smith* Action, and that motions to vacate the Tenth Circuit's decision affirming the *Smith* Decision and a petition for writ of certiorari to the U.S. Supreme Court will or may be filed. Next, Hook argues the dismissal for lack of subject matter jurisdiction in the *Smith* Action is not res judicata and, therefore, does not support a dismissal of this action. The Court is not persuaded, and agrees that Hook's Compulsory Counterclaims are subject to dismissal for the same or similar reasons that the *Smith* Action was dismissed, and affirmed on appeal.

**1. Tax Years 1992-1996 and 2001-2005**

The Court agrees its analysis and decision in the *Smith* Action, as affirmed by the Tenth Circuit, apply equally to Hook's Compulsory Counterclaims in this action concerning her challenge to the Tax Court's determination of tax liabilities for the 1992-1996 and 2001-2005 tax years. Hook (and Smith) challenged their tax liabilities for those years before the U.S. Tax Court, whose decisions were affirmed on appeal; therefore, they are not subject to challenge before this Court.[10] Accordingly, the Compulsory Counterclaims are subject to dismissal on the same basis. *See Hook v. United States*, 2015 WL 4927272, at *5. Hook's cursory arguments concerning her papers filed in the Tenth Circuit do not establish otherwise, as she fails to show what in those papers support her position and where they may be found. *See In re Potter*, 354 F. App'x 387, 389 (10th Cir. 2009) (court will not search the record) (unpublished); *U.S. v. Stephenson,* 452 F.3d

---

[9] The Court construes the arguments in Hook's Motion to Strike as directed to the Renewed Motion to Dismiss.
[10] Section 6512(a) of 26 U.S.C. has six exceptions, but none have been shown to apply.

1173, 1182 n.4 (10th Cir. 2006) (court has no responsibility to "'sift through' the record") (citation omitted).

Hook's arguments concerning res judicata are also unavailing. "Although a dismissal for lack of jurisdiction does not bar a second action as a matter of claim preclusion, it does preclude relitigation of the issues determined in ruling on the jurisdiction question." 18A Charles Alan Wright et al., Federal Practice and Procedure § 4436 (3d ed. 2004) (hereinafter "Wright & Miller"); *Matosantos Commercial Corp. v. Applebee's Int'l, Inc.,* 245 F.3d 1203, 1209 (10th Cir. 2001). "The judgment remains effective to preclude relitigation of the precise issue of jurisdiction…that led to the initial dismissal." Wright & Miller § 4436. And, such dismissals "permit[] a second action on the same claim that *corrects* the deficiency found in the first action." *Id.* (emphasis added). Regardless, the Court's decision in this case need not be based on claim preclusion but, rather, may be based on its independent analysis and/or the persuasive value of its decision in the *Smith* Action (and on the legal authorities cited therein) and of the Tenth Circuit's decision in the *Hook* Appeal, even if unpublished. *Hook v. U.S.,* 2015 WL 4927272, at *7; *U.S. v. Engles,* 779 F.3d 1161, 1162 n.1 (10th Cir. 2015); Fed. R. App. P. 32.1; 10th Cir. Rule 32.1(A). In light of this determination, the Court need not reach the merits of Hook's other – conclusory – arguments of why res judicata does not apply.

### 2. The 1995 Tax Year

The United States acknowledges Hook has now fully paid her tax liability for 1995, but nonetheless argues this Court lacks jurisdiction because Hook failed to first file a claim for refund and then wait six months or wait for a determination from the I.R.S., whichever occurs first.

Generally, pursuant to 26 U.S.C. § 7422(a), no suit may be brought until a claim for refund or credit has been filed. Moreover, pursuant to 26 U.S.C. § 6532(a), such suit may not be filed before the expiration of 6 months from the date of the filing of the claim for refund or credit, unless the I.R.S. makes a decision within that time period. In this case, Hook does not address, much less dispute, such provisions apply.[11] Accordingly, applying these provisions,[12] the Court lacks subject matter jurisdiction over any claim for refund for the 1995 tax year.

### 3. The 1996, 2001-2005, 2006, and 2008 Tax Years

The United States argues that subject matter jurisdiction does not exist as Hook has outstanding tax liabilities for the 1996, 2001-2005, 2006, and 2008 tax years, as shown by the Forms 4340. The Court agrees.[13] Pursuant to 28 U.S.C. § 1346, the Court has original jurisdiction over actions against the United States for the recovery of certain internal-revenue tax, but only after the taxpayer complies with the "full payment rule." *Flora v. U.S.*, 362 U.S. 145, 176-177 (1960); *see Hook v. U.S.*, 2015 WL 4927272, at * 5; *Magnone v. United States*, 902 F.2d 192, 193 (2nd Cir. 1990). Therefore, the failure to comply with the full payment rule deprives this Court of subject matter jurisdiction.[14] *Flora*, 362 U.S. at 177; *Hook v. U.S.*, 2015 WL 4927272, at * 5; *Magnone,* 902 F.2d at 193.

---

[11] Hook's Compulsory Counterclaims state that she previously filed claims/protective claims for refunds for numerous tax years, including 1995. (ECF No. 189, pp. 23-24 (January 2010 filing), 76-79 (October 2012 filing).) Hook, however, fails to present any argument on whether these earlier claims might be sufficient to comply with 26 U.S.C. §§ 6532(a) and 7422(a), especially where such claims were filed before full payment was made on November 21, 2014.

[12] Even assuming these provisions do not apply, and 26 U.S.C. § 6512(a) applies, none of the exceptions which would allow a suit have been shown; therefore, the Court would still lack subject matter jurisdiction.

[13] The Court does not read the Compulsory Counterclaims as asserting a claim based on the 2008 tax year, but Hook did not take exception to the United States' argument. Therefore, assuming the 2008 tax year is at issue, the analysis applies equally to the 2008 tax year.

[14] Again, assuming the Court does not otherwise lack jurisdiction under 26 U.S.C. § 6512(a) for the 1996 and 2001-2005 tax years, as no exception to the statutory bar to suit has been shown.

### 4. The Remaining Claims

As in the *Smith* Action, Hook also seeks the return of levied/seized property under 26 U.S.C. § 6343; the release of tax liens pursuant to 26 U.S.C. §§ 6325, 7432; and to quiet title to real and personal property under 28 U.S.C. § 2410. These remaining claims are also subject to dismissal on the same bases as stated in the *Smith* Decision, *e.g.*, the failure to show the tax liabilities for which the levies were made have been satisfied, the failure to exhaust administrative remedies, and the failure to establish any improper clouds on title on which a quiet title claim may be based. *See Hook v. U.S.*, 2015 WL 4927272, at * 5, 6; 26 U.S.C. §§ 6343, 6325, 7432; 26 C.F.R. § 301.7432-1(a) & (f).

## IV. CONCLUSION

Based on the foregoing, the Court ORDERS

(1) That the United States' Renewed Motion to Dismiss (ECF No. 156), as supplemented by its Response (ECF No. 200), is GRANTED;

(2) That Defendant Hook's Motion to Strike (ECF No. 208) is DENIED; and

(3) That Defendant Hook's Compulsory Counterclaims (ECF No. 189, pages 23-81) are DISMISSED WITHOUT PREJUDICE.

DATED this 3rd day of December, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge