**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 14-cv-00955-RM-CBS

LNV CORPORATION,

      Plaintiff,

v.

M. JULIA HOOK, an individual,
THE PRUDENTIAL HOME MORTGAGE, INC.,
UNITED STATES OF AMERICA,
SAINT LUKE'S LOFTS HOMEOWNER ASSOC. INC.,
DEBRA JOHNSON, in her official capacity as the Public Trustee of the City and County of
Denver, Colorado, and
DAVID L. SMITH, an individual,

      Defendants.

_____

**ORDER**
_____

      This matter is before the Court on Defendant Julia Hook's Motion Pursuant to Fed. R. Civ.

P. 54(b) and 60(b)(4) (the "Motion") (ECF No. 220) seeking relief from this Court's Order

("Order") of December 3, 2015.   In the Motion, Hook seeks an entry of final judgment on the

Order or, in the alternative, a revision or reconsideration of that Order.   Hooks also seeks to have

the Order vacated or set aside.   The Court has considered the Motion, along with the Court file

and all applicable rules, statutes, and case law.   Upon such consideration, and being otherwise

fully advised, the Motion is DENIED.[1]

      Hook asserts two bases for the relief requested.   First, she argues there are

"jurisdictional/constitutional errors."   Next, she argues there are "other statutory and

_____

[1] The Court finds that no further briefing is required on the Motion.   *See* D.C.COLO.LCivR 7.1(d) ("Nothing in this
rule precludes a judicial officer from ruling on a motion at any time after it is filed.")

constitutional violations." None of the arguments affords Hook the relief she seeks.

First, as to the asserted jurisdictional/constitutional errors, such alleged errors are wholly unrelated – and therefore irrelevant – to the Order at issue. That Order addressed the United States' Renewed Motion to Dismiss. Hook's arguments here, however, attack the United States' "Claim for Proceeds." Moreover, such arguments were previously raised and rejected by the Court, are conclusory, and lack analysis or supporting legal authority. Accordingly, such alleged errors do not support the relief requested.

Next, as to the asserted "other statutory and constitutional violations," they are essentially based on challenges to the Court's November 20, 2014 Order in Case No. 13-cv-01156-RM-KLM and/or to the Tenth Circuit's decision in *Hook v. United States*, No. 15-1022, 2015 WL 4927272 (10th Cir. Aug. 19, 2015) (unpublished), affirming the November 20, 2014 Order. Again, Hook raises arguments previously raised and rejected before this Court and/or the Tenth Circuit. In addition, Hook appears to rely on this Court's alleged abuse of discretion to establish statutory or constitutional violations. To the extent Hook raises any "new" arguments, they are conclusory, unsupported by any legal authority and/or unsupported by sufficient (or any) legal or factual analysis. Indeed, Hook relies on the Tenth Circuit's alleged violation of Hook's constitutional rights to request relief in the case at bar. Hook's challenges simply cannot be sustained.

In addition to the above deficiencies, Hook also fails to set forth or establish the requirements for granting the relief she seeks under any theory raised. Instead, Hook summarily argues the Court should determine there is no just reason for delay and direct entry of a final judgment. Simply using the appropriate "buzz words" or parroting the language of Rule 54(b) is insufficient. *See Tal v. Hogan*, 453 F.3d 1244, 1261 (10th Cir. 2006) (Plaintiff "Bricktown, Inc.'s

use of antitrust buzz-words and parroting of general antitrust theories is insufficient to support a Sherman Act violation.")   Similarly, simply stating that the requirements for voiding a judgment under Rule 60(b)(4) are met is insufficient to even show the Rule relied upon applies in the first instance.   Here, Hook argues the Order is a void judgment, but no judgment has been entered.   Finally, Hook fails to address the requirements for a motion to reconsider, such as an intervening change in the controlling law, new evidence previously unavailable, or the need to correct a legal error.   *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

In the penultimate sentence, almost as a throw-away, Hook argues this Court's fairness and impartiality is "reasonably questionable," and therefore also a violation of her constitutional rights.   "Some arguments are so powerful that nothing more [than two paragraphs are] [] needed, but this is hardly of that character."   *Berkshire Medical Center, Inc. v. U.W. Marx, Inc.*, 644 F.3d 71, 79 (1st. Cir. 2011).   Here, there is only one sentence.   Nonetheless, the Court has reviewed this contention, as it has done before, and finds that its impartiality or fairness might not reasonably be questioned.   It is therefore

**ORDERED** that Defendant Julia Hook's Motion Pursuant to Fed. R. Civ. P. 54(b) and 60(b)(4) (ECF No. 220) is **DENIED**.

DATED this 14th day of December, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge