**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 14-cv-00955-RM-CBS

LNV CORPORATION,

    Plaintiff,

v.

M. JULIA HOOK, an individual,
THE PRUDENTIAL HOME MORTGAGE, INC.,
UNITED STATES OF AMERICA,
SAINT LUKE'S LOFTS HOMEOWNER ASSOC. INC.,
DEBRA JOHNSON, in her official capacity as the Public Trustee of the City and County of Denver, Colorado, and
DAVID L. SMITH, an individual,

    Defendants.

_____

**ORDER**
_____

    This matter is before the Court on the "Re-filing of Defendant M. Julia Hook's Motion for Revision of October 20, 2015 Order with Respect to Defendant M. Julia Hook's Motion for Order Compelling Discovery from Plaintiff LNV Corporation" (the "Motion") (ECF No. 215), seeking an order compelling Plaintiff LNV Corporation to produce a number of documents and awarding reasonable expenses, including attorney's fees. By Minute Order dated November 23, 2015 (ECF No. 216), the Court – *sua sponte* – struck all arguments in the Motion other than the one(s) which addressed the October 20, 2015, Order requiring LNV to provide Hook with an amended privilege log to identify all recipients of the documents at issue. LNV filed a Response to the Motion (ECF No. 219), to which Hook filed a Reply (ECF No. 221). Upon consideration of the Motion, the

relevant papers, and the applicable rules and case law, and being otherwise fully advised, the Motion is DENIED.

## I. BACKGROUND AND ISSUE

The parties are familiar with the background which gives rise to the Motion, so it will not be repeated here. At issue is whether LNV's amended privilege log sufficiently complies with this Court's October 20, 2015, Order and, relatedly, whether LNV's redlined copy of its amended privilege log complies with the Court's November 23, 2015, Order.

## II. ANALYSIS

Hook contends the privilege log is deficient as to all entries. LNV, however, asserts Hook's Motion should be denied: (1) for failure to confer as required by D.C.COLO.LCivR 7.1(a); and (2) because the amended privilege log complies with the Court's October 20, 2015, Order (ECF No. 195).

### A. The Sufficiency of the Conferral

As to LNV's first assertion, the Court finds, under these facts and circumstances, denial of the Motion based on Hook's alleged noncompliance with the Court's October 20, 2015, Order for the parties to confer or with Local Rule 7.1(a) is unwarranted. Here, the parties evidently made efforts to resolve their differences prior to Hook's filing of the initial motion for revision (ECF No. 213) on November 13, 2015, the day after LNV failed to respond to Hook by November 12, 2015 as LNV had represented. That initial motion was denied without prejudice, but the Court specifically granted Hook leave to refile by November 24, 2015. Although LNV reached out to Hook on November 18, 2015, in an attempt to resolve the matter without the Court's intervention,

in light of the Court's Order allowing the refiling of the initial motion, Hook's rejection of LNV's offer was not a violation of either the Local Rule or the October 20, 2015, Order. Accordingly, under these facts and circumstances, the Motion will not be denied on these bases.

### B. The Sufficiency of LNV's Compliance

As to LNV's second basis for denial of Hook's Motion, that is another matter. The Court starts by examining Hook's argument of LNV's noncompliance with the Court's November 23, 2015, Order to provide a redlined amended privilege log. Here, Hook claims LNV made substantial changes between the privilege log (the "Original Log") this Court considered in its October 20, 2015, Order (ECF No. 195, page 2; No. 152-3) and the October 26, 2015, amended privilege log (the "Amended Log") LNV subsequently provided to Hook in response to the October 20, 2015, Order. In light of Hook's contention, on November 23, 2015, the Court ordered LNV to provide a redlined version of the Amended Log so the Court could track the changes between the two logs. LNV did so with its Response (ECF No. 219-2), but Hook argues the redlined version of the Amended Log fails to show all changes that were made to the Original Log, necessitating the Court's comparison of the logs. Contrary to Hook's argument, LNV's redlined Amended Log complies with the Court's November 23, 2015, Order and properly shows the changes between the logs.[1] More importantly, the redlined Amended Log shows the amendments concerning the recipients of any privileged information. As such, Hook's argument

---

[1] The Court notes the redlined Amended Log does not show some minor differences between the Original Log and the Amended Log, but the differences appear to be related to the formatting of the table resulting in missing words, and not to any attempt to mislead the Court. All are contained in the "Privilege" column and almost all relate to "work product." For example, in the Original Log, LNV_00731 contains the words "Attorney Client; Work" while the Amended Log includes the word "product" – "Attorney Client; Work Product." The same is true for other entries such as LNV_00776, 788, 900, and 902-4.

of noncompliance with the November 23, 2015, Order is without merit.

Hook's assertion of noncompliance with the October 20, 2015, Order, is similarly unavailing as LNV's Amended Log identifies additional recipients. The inquiry, however, does not end here as Hook alleges the Amended Log is nonetheless deficient.

In this case, the Court afforded Hook two opportunities to bring any alleged deficiencies in LNV's Amended Log to the Court's attention. Despite the Court's direction and the subsequent filing of a 297-page (excluding certificate of service) Motion, Hook fails to do so. Instead, Hook spent much of the Motion raising arguments which are irrelevant to the October 20, 2015, Order and/or which the Court previously found deficient. The Court struck such arguments in its November 23, 2015, Order. As for the rest of the Motion, for every entry, Hook merely parrots – without analysis or discussion – that the entry "does not demonstrate [or make a representation] that the communication/document was 'not shared with a wider group and therefore [is] not confidential.'" (ECF No. 215, *passim*) (alterations in original). Hook's conclusory footnotes fare no better. *Id.* Accordingly, the Court finds any arguments concerning LNV's alleged deficiencies as to the identification of recipients are waived. *See Petrella v. Brownback,* 787 F.3d 1242, 1260 (10th Cir. 2015), *cert. denied,* 2015 WL 5735266 (U.S. Dec. 7, 2015) (No. 15-398) ("When issues are not adequately briefed, they are deemed waived."); *United States v. Hardman*, 297 F.3d 1116, 1131 (10th Cir. 2002) ("Arguments raised in a perfunctory manner, such as in a footnote, are waived.").

### III.   CONCLUSION

Based on the foregoing, the Motion cannot be sustained. Nonetheless, although not

within the scope of the matters at issue, the log entry made on page 23 of the Amended Log (entry number "184" per Hook's count) (ECF No. 215-2) contains no identifying Bates numbers. If there are Bates numbers associated with the document, the same should be provided.

Accordingly, it is ORDERED

(1) That Plaintiff LNV shall file a status report notifying the Court whether the document for the log entry on page 23 of the Revised October 26, 2015, privilege log (ECF No. 215-2) is Bates numbered and, if so, providing the Bates numbers associated with such entry; and

(2) That the "Re-Filing of Defendant M. Julia Hook's Motion for Revision of October 20, 2015 Order with Respect to Defendant M. Julia Hook's Motion for Order Compelling Discovery from Plaintiff LNV Corporation" (ECF No. 215) is DENIED.

DATED this 7th day of January, 2016.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge