**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 14-cv-00955-RM-CBS

LNV CORPORATION,

      Plaintiff,

v.

M. JULIA HOOK, an individual,
THE PRUDENTIAL HOME MORTGAGE, INC.,
UNITED STATES OF AMERICA,
SAINT LUKE'S LOFTS HOMEOWNER ASSOC. INC.,
DEBRA JOHNSON, in her official capacity as the Public Trustee of the City and County of
Denver, Colorado, and
DAVID L. SMITH, an individual,

      Defendants.

_____

## ORDER
_____

      This matter is before the Court on Defendants David Lee Smith and M. Julia Hook's

(collectively, "Defendants") "Motion to Vacate and Set Aside November 20, 2017 Order; Request

for Stay of Case Pending Resolution of Motion" (the "Motion to Vacate") (ECF No. 333).   Upon

consideration of the Motion to Vacate, the court file, and the applicable rules and case law, and

being otherwise fully advised, the Court finds no response is necessary to the Motion to Vacate

before a ruling.   *See* D.C.COLO.LCivR 7.1(d).   And, further, upon such consideration, for the

reasons stated herein, the Motion to Vacate is DENIED.

      The parties are well versed in the facts, allegations, and history of this case; therefore, it

will not be repeated here.   As relevant to the Motion to Vacate, upon Motion to Reactive (ECF

No. 328) filed by Plaintiff, and after consideration of the case file, including the orders of the

Bankruptcy Court, this Court found good cause to reopen this case which had been administratively closed due to Defendants' bankruptcy filing. Defendants now challenge this Court's Order to reopen this case, asserting: (1) the Bankruptcy Court's order ("Lift Order") granting Plaintiff's Motion for Relief from Automatic Stay is void under Fed. R. Civ. P. 60(b)(4) as the "judgment" is allegedly premised on two jurisdictional errors and violations of Defendants' due process rights; and (2) because the Bankruptcy Court's Lift Order is void, this Court's Order is also void and also violates the automatic stay in Defendants' bankruptcy case.

Defendants are correct in that, pursuant to Fed. R. Civ. P. 60(b)(4), a court may "relieve a party from a final judgment if the judgment is void." *United Student Aid Funds, Inc. v. Espinoza*, 559 U.S. 260, 270 (2010) (citation and quotation marks omitted). But, that is the only thing they have shown is correct.

First, although Defendants assert the Bankruptcy Court's Lift Order is a "judgment" to which Rule 60(b)(4) may apply, they have not shown it is so. Their bare statement is insufficient. *See, e.g., Robey-Harcourt v. BenCorp Fin. Co.*, 326 F.3d 1140, 1143 (10th Cir. 2003) ("Parties must support their arguments with legal authority."); *Bronson v. Swensen*, 500 F.3d 1099, 1105 (10th Cir. 2007) (cursory arguments, without supporting analysis and case law, are waived); *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1249 (10th Cir. 2015) (court may decline to consider argument which is unsupported and inadequately briefed).

Further, even assuming, *arguendo*, the Lift Order is a "judgment," "[a] judgment is not void merely because it is erroneous. It is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." 11 Charles Alan Wright *et al.*, Federal Practice and Procedure Civil § 2862 (3rd ed. 2012 &

Supp. 2017); *see also Espinoza*, 559 U.S. at 271 ("Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard."). Here, Defendants' position that the Lift Order is void consists of nothing more than conclusory assertions; it is bereft of supporting facts, legal authority, or analysis. As such, Defendants fail to show it is void.[1] And, as Defendants have not shown the Lift Order is a void judgment, it follows Defendants have not shown this Court's Order in reliance on the Lift Order is either void or violative of any automatic stay. Or, that any stay is warranted. Accordingly, it is

**ORDERED** that Defendants' "Motion to Vacate and Set Aside November 20, 2017 Order; Request for Stay of Case Pending Resolution of Motion" (ECF No. 333) is **DENIED**.

DATED this 4th day of December, 2017.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

---

[1] Further, the record shows Defendants' "jurisdictional errors" and other allegations were raised before and rejected by the Bankruptcy Court. (*See* ECF Nos. 329-1, 331-1.) As the Bankruptcy Court found, and with which this Court agrees, Defendants' complaint about the Bankruptcy Court is not that it lacked jurisdiction, but, rather, is that it allegedly refused to hear matters within its jurisdiction. Moreover, even assuming Defendants' complaint was a jurisdictional challenge, a court's determination that it has subject matter jurisdiction is generally not subject to collateral attack where the issue has already been litigated and decided. *See Stoll v. Gottlieb*, 305 U.S. 165, 172 (1938) ("We see no reason why a court[,] in the absence of an allegation of fraud in obtaining the judgment, should examine again the question whether the court making the earlier determination on an actual contest over jurisdiction between the parties, did have jurisdiction of the subject matter of the litigation."); 11 Charles Alan Wright *et al.*, Federal Practice and Procedure § 2862 (3d ed. 2012 & 2017 Supp.) ("[A] court's determination that it has jurisdiction of the subject matter is binding on that issue, if the jurisdictional question actually was litigated and decided, or if a party had an opportunity to contest subject-matter jurisdiction and failed to do so.").