# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
## Judge Raymond P. Moore

Civil Action No. 14-cv-00955-RM-KHR

LNV CORPORATION,

    Plaintiff,

v.

M. JULIA HOOK, an individual,
THE PRUDENTIAL HOME MORTGAGE, INC.,
UNITED STATES OF AMERICA,
SAINT LUKE'S LOFTS HOMEOWNER ASSOC. INC.,
DEBRA JOHNSON, in her official capacity as the Public Trustee of the City and County of Denver, Colorado, and
DAVID L. SMITH, an individual,

    Defendants.

___

## ORDER
___

This matter is before the Court on "Defendants' Objections to Magistrate Judge's Rulings and Orders" ("Objection") (ECF No. 348), filed by Defendants Hook and Smith (collectively, "Defendants") as to certain oral orders and rulings made by Magistrate Judge Kelly H. Rankin during a telephonic preliminary pretrial conference held on February 1, 2018. Upon consideration of the Objection, the recording of the conference, the relevant parts of the court file, and the applicable rules and case law, and being otherwise fully advised, for the reasons stated herein, the Objection is OVERRULED.

Pursuant to Fed. R. Civ. P. 72(a), a party may file objections to nondispositive orders by a magistrate judge. The district judge then "must consider timely objections and modify or set

aside any part of the order that is clearly erroneous or is contrary to law." Defendants argue Judge Rankin made the following ruling and orders, to which they object: (1) ruled the only issue remaining for a bench trial is the amount of damages; (2) refused to rule on an issue regarding the "proofs of claim" filed by LNV and the United States; (3) refused to extend the date for submission of the proposed Final Pretrial Order beyond February 9, 2018, in order to allow Defendants time to appeal; and (4) threatened sanctions if Defendants did not follow Judge Rankin's instructions regarding the preparation of the Final Pretrial Order. They contend – summarily – that such rulings and orders conflict with the Court's January 11, 2018, Minute Order governing the Final Pretrial Order. Contrary to Defendants' contentions, assuming Judge Rankin made all of such rulings and orders,[1] Defendants fail to show they are clearly erroneous, contrary to law, or a "gross abuse of discretion."

First, Judge Rankin clearly indicated he mistakenly thought the issue of whether there was to be a bench trial had been resolved by this Court, and that if it had not been resolved, Defendants were not precluded from raising it. As for the matters at issue, in light of their footnote 1,[2] Defendants apparently contend that all claims and defenses are in play. As Judge Rankin correctly recognized, based on the Court's prior orders, such is not the case.[3] And, as Judge Rankin indicated, Defendants were not to rehash arguments already rejected or decided by this Court. If Defendants have disputes, they may include them in a footnote.[4]

---

[1] The Court questions whether all of such rulings were made.
[2] And, their "Defendants' Motion to Include Materials in Final Pretrial Order" (ECF No. 335) previously submitted.
[3] The Court will ultimately decide which issue(s) will be heard and what evidence may be submitted.
[4] The Court finds nothing inconsistent with Judge Rankin's statements regarding footnotes.

Next, Defendants' objection regarding Judge Rankin's alleged refusal to rule on an issue regarding the "proofs of claim" is not only unclear and but also insufficient to show how it is contrary to the Minute Order or otherwise in error. As such, it is also rejected.

As for the "threatened sanctions," the Court finds nothing improper with Judge Rankin's statements or contrary to the Minute Order. Judge Rankin did not preclude Defendants from complying with, for example, identifying dispositive orders or what it resolved.[5] What Judge Rankin did preclude – and rightly so – were Defendants' repeated *arguments* or "*rehashing*" of matters which had already been decided, *e.g.*, the assertion that LNV and others engaged in a civil conspiracy or arguments concerning claims which have been dismissed against the United States. Thus, Judge Rankin ordered that the parties' Final Pretrial Order should "only address[] the remaining issues the court has not yet ruled upon." (ECF No. 347.) Further, the sanctioning of a party for failure to comply with a court's order is well within its inherent authority, especially where the party has been forewarned. *Schwarz v. F.B.I.*, 161 F.3d 18, 1998 WL 667643, at *3 (10th Cir. 1998) (unpublished table decision) ("Federal courts have the inherent power to impose sanctions to regulate their docket, promote judicial efficiency and to deter frivolous filings."); *see also In re Courtesy Inns, Ltd.*, 40 F.3d 1084, 1089 (10th Cir. 1994).

Finally, Defendants argue Judge Rankin erred in declining to extend the date for submission of the proposed Final Pretrial Order beyond February 9, 2018, in order to allow Defendants time to appeal to this Court. Defendants' objections have now been overruled. The Court finds no error, especially in light of the amount of time Defendants have had to prepare a

---

[5] The fact that Defendants disagree with the Court's orders does not mean the Court did not resolve the issues addressed in such orders.

compliant proposed Final Pretrial Order. Accordingly, it is

**ORDERED** that Defendants' Objections to Magistrate Judge's Rulings and Orders (ECF No. 348) is **OVERRULED;** and it is

**FURTHER ORDERED** that Plaintiff's counsel shall send Defendant David L. Smith a copy of this Order via email at the email address located in the Objection at ECF No. 348, page 6.

DATED this 8th day of February, 2018.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge