IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 14-cv-00955-RM-KHR

LNV CORPORATION,

    Plaintiff,

v.

M. JULIA HOOK, an individual,
THE PRUDENTIAL HOME MORTGAGE, INC.,
UNITED STATES OF AMERICA,
SAINT LUKE'S LOFTS HOMEOWNER ASSOC. INC.,
DEBRA JOHNSON, in her official capacity as the Public Trustee of the City and County of Denver, Colorado, and
DAVID L. SMITH, an individual,

    Defendants.
_____

**ORDER**
_____

    This matter is before the Court on Defendants Hook and Smith's (collectively, "Defendants") "Motion for Leave to Amend Proposed Final Pretrial Order; Objection to Magistrate Judge's Determination" (the "Motion") (ECF No. 354), filed pursuant to Fed. R. Civ. P. 15(a) and D.C.COLO.LCivR 15.1(b), seeking to (1) add "claims and defenses" against Plaintiff LNV and Defendant United States; and (2) vacate and set aside Magistrate Judge Kelly H. Rankin's determination that the discharge entered in Defendants' Chapter 7 bankruptcy case does not affect the remaining claims in this case. Upon review of the Motion, the recording of the pretrial conference held before Judge Rankin, relevant portions of the court file, and the applicable rules and case law, and being otherwise fully advised, the Court finds that no response

is necessary in order to resolve the Motion. *See* D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.") And, upon such consideration, and for the reasons stated herein, the Motion is **DENIED**.

Starting with the first request, Defendants fail to show such relief may or should be had. First, Rule 15(a) and Local Rule 15.1(b) apply to pleadings and Defendants have not shown that a proposed final pretrial order ("FPO") is a pleading within the meaning of such rules. Next, further highlighting the problems with Defendants' request, Defendants seek to amend the proposed FPO with "claims and defenses," but such amendments are to be effected in *pleadings*, such as a party's answer, counterclaims, or crossclaims, as the case may be. *See* Fed. R. Civ. P. 7(a) (setting forth pleadings allowed). The time to amend pleadings, however, has long passed. This brings the Court to a third reason why Defendants' request fails – the lack of timeliness.

Such untimeliness is shown by the following. By Order dated October 19, 2017, the Bankruptcy Court granted Plaintiff LNV relief from the automatic stay, allowing Plaintiff's case to proceed before this Court. The Bankruptcy Court specifically stated, however, "that LNV may not proceed to collect any deficiency resulting from such foreclosure against the Debtors or their post petition property." (ECF No. 328-1.) The Bankruptcy Court's order on this issue was reaffirmed by subsequent order dated November 6, 2017, upon its denial of Defendants' request to vacate the October 19, 2017, Order. (ECF No. 331-1.) By Order dated November 8, 2017, two days later, the Bankruptcy Court entered an Order of Discharge. (ECF No. 354-1.)

On November 20, 2017, after being notified of the Bankruptcy Court's November 6, 2017, Order, this Court reopened this case,[1] set this matter for a final pretrial conference, and

---

[1] This case had been administratively closed in light of Defendants' bankruptcy filing. (ECF No. 327.)

ordered the parties to prepare a proposed FPO. (ECF No. 332.) Defendants' current request to amend, however, was not filed until February 16, 2018, almost three months later, and after Defendants already previously submitted two proposed FPOs,[2] and after Judge Rankin already held two conferences with the parties to address a proposed FPO. On this record, Defendants' request comes, unaccountably, too late.

Even if the request is not too late (but, of course, it is), it would nonetheless fail on the merits. Defendants, baldly, state that Plaintiff LNV and Defendant United States are continuing to attempt to "collect discharged debts" in violation of the Bankruptcy Court's Order of Discharge, and that Defendant United States is violating the automatic stay. Such bald assertions, however, are insufficient, *e.g.*, Defendants fail to show that proceeding with this action (which the Bankruptcy Court specifically allowed just two days before entering the Order of Discharge) violates the Order of Discharge. *See, e.g., Robey-Harcourt v. BenCorp Fin. Co.*, 326 F.3d 1140, 1143 (10th Cir. 2003) ("Parties must support their arguments with legal authority."); *Bronson v. Swensen*, 500 F.3d 1099, 1105 (10th Cir. 2007) (cursory arguments, without supporting analysis and case law, are waived). As such, the first request must be denied.

Such denial, concomitantly, is also fatal to Defendants' second request. That is, Defendants fail to show Judge Rankin's determination that "the discharge does not affect the remaining claims in this case" was either arbitrary or a "clear abuse-of-discretion."[3] Accordingly, it is

---

[2] ECF Nos. 335, 352.
[3] Defendants' assertion that Judge Rankin did not have authority to make any determination also fails. Judge Rankin stated that, for purposes of the final pretrial conference, the discharge order did not impact the remaining claims and that further consideration of the issue would be deferred to this Court.

**ORDERED** that Defendants' Motion for Leave to Amend Proposed Final Pretrial Order; Objection to Magistrate Judge's Determination (ECF No. 354) is **DENIED**.

DATED this 20th day of February, 2018.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge