**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 14-cv-00955-RM-KHR

LNV CORPORATION,

    Plaintiff,

v.

M. JULIA HOOK, an individual,
THE PRUDENTIAL HOME MORTGAGE, INC.,
UNITED STATES OF AMERICA,
SAINT LUKE'S LOFTS HOMEOWNER ASSOC. INC.,
DEBRA JOHNSON, in her official capacity as the Public Trustee of the City and County of
Denver, Colorado, and
DAVID L. SMITH, an individual,

    Defendants.

---

## ORDER
---

This matter is before the Court on Defendants Hook and Smith's (collectively, "Defendants") (1) Motion for Reconsideration of February 20, 2018 Order, or for Leave to Amend and/or Supplement Pleadings ("Renewed Motion") (ECF No. 360), seeking relief under Fed. R. Civ. P. 54(b), 15(a), and 15(d); and (2) "Supplement to Defendants' Motion for Reconsideration of February 20, 2018 Order, or for Leave to Amend and/or Supplement Pleadings" ("Motion to Supplement") (ECF No. 368). In their Renewed Motion, Defendants seek a reconsideration of the Court's Order (ECF No. 355) denying their original request to amend their Proposed Final

Pretrial Order.[1]  In the alternative, Defendants seek to amend and/or supplement their pleadings. In their Motion to Supplement, Defendants seek to supplement their Renewed Motion with three "Certificate of Release of Federal Tax Liens" (collectively, "Certificates") recently issued.  Upon consideration of the Renewed Motion and Motion to Supplement,[2] and being otherwise fully advised, the Motion to Supplement is **GRANTED**[3] but the Renewed Motion is **DENIED**.

"The Federal Rules of Civil Procedure recognize no motion for reconsideration." *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995) (quotation and internal quotation marks omitted).  Nonetheless, "the court retains the power to alter rulings until final judgment is entered on a cause."  *Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)).  "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1212 (10th Cir. 2012).  Such motions may not, however, "merely advance[] new arguments" or provide "supporting facts which were available at the time of the original motion."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see also Matasantos Comm. Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203, 1209 n.2 (10th Cir. 2001) (A "motion for reconsideration is not, however, an opportunity for the losing

---

[1] Defendants' "Motion for Leave to Amend Proposed Final Pretrial Order; Objection to Magistrate Judge's Determination" (the "Original Motion") (ECF No. 354).

[2] Due to the extensive record in this case, and in light of Defendants' requests, the Court finds no responses are required before resolving these pending motions.  *See* D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.")

[3] The Certificates are dated February 14, 2018, and Defendants' Original Motion (ECF No. 354) was filed February 16, 2018.  In light of the date of the Certificates, the Court will consider them in determining the merits of Defendants' Renewed Motion.

party to raise new arguments that could have been presented originally."). "Absent extraordinary circumstances,...the basis for the second motion must not have been available at the time the first motion was filed." *Servants of Paraclete*, 204 F.3d at 1012.

Defendants' Original Motion sought to "amend" their Proposed Final Pretrial Order to add "claims and defenses," which the Court denied as untimely and on the merits. Defendants' Renewed Motion, even considering the Certificates, fares no better.

First, Defendants contend they have now "resolved" the problems with their Original Motion which sought to amend the Proposed Final Pretrial Order as a "pleading." But, their resolution is essentially an attempt to obtain an impermissible second bite of the apple. Defendants, lawyers who appear *pro se*, have neither cited to any legal authority nor provided any analysis as to why they may do so. *See Matasantos Comm. Corp.*, 245 F.3d at 1209 n.2.

Second, Defendants apparently contend their original request was timely. This contention, too, is unavailing. First, as previously stated, Defendants cannot amend or add to their claims and defenses by simply inserting them into a proposed final pretrial order. Second, Defendants' explanation of the timing of their original request fails to show it could have not been made earlier. The Bankruptcy Court's Order of Discharge was entered November 8, 2017, and the Court's Order reopening this case was entered November 20, 2017, about three months before the Original Motion was filed.[4] Further, in the Original Motion, Defendants asserted they "recently received" "Notices of Release of Federal Tax Liens," but failed to identify when such notices were issued or received, *i.e.*, that any amendment based thereon would be timely. (*See*

---

[4] For the same reason, Defendants' Renewed Motion, to the extent they seek new or alternative relief based on alleged violations of the Order of Discharge or the automatic stay, is also untimely.

ECF No. 354.)[5]

Next, Defendants assert, without any legal authority, that the Court may not dismiss their proposed claims and defenses on the merits "based on nothing more than [their] request to amend their Proposed Final Pretrial Order." (ECF No. 360, p 12.) But, assuming the request to amend was otherwise valid, where any request to amend would be futile, such request may be denied. *See, e.g., United States ex rel. Barrick v. Parker-Migliorini Int'l, LLC*, 878 F.3d 1224, 1230 (10th Cir. 2017) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.…A complaint is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) if the plaintiff fails to allege facts that would allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (brackets, citations, and quotation marks omitted)). As the Court indicated in its earlier Order (ECF No. 355), Defendants' bald assertions failed to show that proceeding with this action violates the Order of Discharge, as they contend. Such assertions failed to sufficiently allege any claim (or defense). The same holds true as to Defendants' allegations that Defendant United States is violating any automatic stay; any such violation claimed had not been plausibly pled.

Fourth, Defendants assert the Court did not address whether they may amend as against the United States to add "claims and defenses" based on the United States' release of certain tax liens. On the contrary, the Court's Order denied Defendants' entire motion, which would include such purported "claims and defenses." As stated, Defendants' Original Motion failed to show any claim/defense based on the release of tax liens was timely. Regardless, Defendants nonetheless

---

[5] Defendants did provide them belatedly in their Renewed Motion (ECF No. 360-2, pages 89-122) now at issue.

failed to sufficiently allege any cognizable claim or defense associated with such releases. This holds true as to any claim or defense which Defendants now seek to add via the Motion to Supplement in reliance on the Certificates.

And, finally, for substantially the same reasons stated above, Defendants' alternative request to amend/supplement their "pleadings" is denied.

Accordingly, it is **ORDERED**

(1) That the "Supplement to Defendants' Motion for Reconsideration of February 20, 2018 Order, or for Leave to Amend and/or Supplement Pleadings" (ECF No. 368) is **GRANTED**; and

(2) That Defendants' Motion for Reconsideration of February 20, 2018 Order, or for Leave to Amend and/or Supplement Pleadings (ECF No. 360) is **DENIED**.

DATED this 9th day of March, 2018.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge