**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 14-cv-00955-RM-KHR

LNV CORPORATION,

    Plaintiff,

v.

M. JULIA HOOK, an individual,
THE PRUDENTIAL HOME MORTGAGE, INC.,
UNITED STATES OF AMERICA,
SAINT LUKE'S LOFTS HOMEOWNER ASSOC. INC.,
DEBRA JOHNSON, in her official capacity as the Public Trustee of the City and County of Denver, Colorado, and
DAVID L. SMITH, an individual,

    Defendants.

_____

**ORDER**
_____

This matter is before the Court on the following: (1) Defendants' Objections to Magistrate Judge's Final Pretrial Order (the "Objection") (ECF No. 369); and (2) Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (the "Motion to Dismiss") (ECF No. 371). Upon consideration of these filings, any responses, the court record, and the applicable rules and case law, and being otherwise fully advised, (1) the Objection is overruled; and (2) the Motion to Dismiss is denied.

## I. THE OBJECTION

Defendants Hook and Smith's (collectively, "Defendants") Objection contends that Magistrate Judge Kelly H. Rankin arbitrarily refused to include certain matters in the Final Pretrial Order.[1] Defendants assert the Magistrate Judge's refusal was clearly erroneous and contrary to law and an abuse of discretion. The Court finds otherwise.

First, Defendants' objections are conclusory; they are devoid of any analysis as to why the Magistrate Judge's decisions as to what to include or exclude were clearly erroneous, contrary to law, or an abuse of discretion. For that reason alone, the Objection is overruled. Moreover, even if the Court were to consider such objections, they are generally to the Magistrate Judge's exclusion of matters which the Court has already resolved in prior Orders.[2] As such matters will not be issues to be decided at trial, no error or abuse of discretion by the Magistrate Judge has been shown. Such matters were properly excluded from the Final Pretrial Order.

For example, Defendants object to the exclusion of their challenges to the court's subject matter jurisdiction. But, as the Magistrate Judge correctly found, such challenges have already been considered and rejected. Defendants' objection to the exclusion of their proposed "claims and defenses" in the Final Pretrial Order fares no better. Those claims and defenses which have been properly raised[3] have also been resolved by prior orders. As for Defendants' objections

---

[1] The matters which Defendants contend should have been included are apparently those contained in their Motion to Include Materials in Final Pretrial Order, which was denied as moot, or in their proposed Final Pretrial Order. (ECF Nos. 335, 345, 352-1.)

[2] As to Defendants' objections which rely on or relate to their bankruptcy case, such objections are rejected for the reasons stated herein and because they are conclusory and unsupported by facts, analysis, or legal authority.

[3] To the extent Defendants raise issues or matters which were not in the prior pleadings and other papers filed, any challenge now is too little, too late. Moreover, Defendants have not shown that such challenge may be made via a Final Pretrial Order.

relating to alleged violations of the bankruptcy discharge, the Magistrate Judge correctly found they were not appropriate for inclusion in the Final Pretrial Order. Further, Defendants' Motion to Dismiss raises bankruptcy arguments which, for the reasons stated below, the Court rejects.

Defendants also object to the exclusion of non-expert and expert witnesses. The proposed non-expert witnesses appear to be potentially more than a hundred (many are unidentified), but Defendants fail to show why or how the exclusion of such witnesses is clearly erroneous or otherwise incorrect. Even on a cursory review, the Court's resolution of the issues and matters of which Defendants complain obviates the need for such witnesses. Regardless, Defendants' proposed inclusion of counsel for Plaintiff and co-defendant United States as "will call" witnesses causes the Court to pause. The Final Pretrial Order lists them as "may call" witnesses, but Defendants' objection makes clear they wish counsel to be "will call" witnesses. Defendants, however, fail to identify any bases for calling opposing counsel as witnesses at all. *See Pappas v. Frank Azar & Assocs., P.C.*, No. 06-cv-01024-MSK-BNB, 2007 WL 4224196, at *6 (D. Colo. Nov. 27, 2007) (recognizing that motion to disqualify opposing counsel should be viewed with suspicion). As stated in the Order Setting Case for Trial, Defendants shall be prepared to address why counsel for Plaintiff and the United States are identified as trial witnesses, potential or otherwise, at the preliminary trial preparation conference set for May 29, 2018.

Defendants' objection to the exclusion of expert witnesses is also futile. As the Magistrate Judge properly explained, the inclusion of such witnesses is inappropriate unless Defendants timely disclosed such experts. Defendants have not shown they did so.

3

Finally, Defendants' objection as they relate to their proposed exhibits suffers from the same problem as those of their other objections: they fail to show the exclusion of such exhibits was clearly erroneous, contrary to law, or a gross abuse of discretion. Instead, the record supports the Magistrate Judge's Final Pretrial Order as Defendants improperly seek to include exhibits related to matters which the Court has already resolved.

Based on the foregoing, Defendants' Objection is OVERRULED.

**II.    THE MOTION**

Defendants' Motion to Dismiss argues, again, that this Court lacks subject matter jurisdiction.[4] This time, Defendants contend jurisdiction is lacking because this action allegedly violates the Order of Discharge and injunction entered in their bankruptcy case. Defendants argue that by proceeding with this action Plaintiff and the United States "are continuing their action to collect, recover, and/or offset" debts which have been discharged. (ECF No. 371, page 10.) As Plaintiff and the United States assert, Defendants fail to state any ground for dismissal of this case.[5]

Even if a debtor's personal obligations have been extinguished by an order of discharge, "the mortgage holder still retains a 'right to payment' in the form of its right to the proceeds from the sale of the debtor's property." *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991). This is because "a bankruptcy discharge extinguishes only one mode of enforcing a claim – namely, an

---

[4] As Plaintiff points out, Defendants' motion contains misstatements. For example, Defendants assert this Court permitted them to "supplement their pleadings by adding recently received Notices of Release of Federal Tax Liens" (ECF No. 371, ¶Q) but that is incorrect. This Court permitted Defendants to supplement their Motion for Reconsideration with the Certificates of Release of Federal Tax Liens, but the Motion for Reconsideration was nonetheless denied. (ECF No. 370.)

[5] The Court assumes, without deciding, that Defendants' challenge is one properly directed at this court's subject matter jurisdiction.

action against the debtor *in personam* – while leaving intact another – namely, an action against the debtor *in rem*." *Johnson*, 501 U.S. at 84. Accordingly, the Bankruptcy Court found, in granting Plaintiff relief from the automatic stay, Plaintiff is allowed to proceed "in accordance with any order(s) entered in that case [14-cv-00955-RM-KHR] to judicially foreclose on certain real property located in the City and County of Denver, Colorado, commonly known by street address 5800 East 6th Avenue Parkway, Denver, Colorado 80202." (ECF No. 328-1.) Plaintiff may not, however, "proceed to collect any deficiency resulting from such foreclosure against the Debtors or their post petition property." (*Id*.)

Here, Plaintiff readily acknowledges that it may not, and is not, proceeding against Defendants personally for any deficiency amount above and beyond the secured asset, here, the 6th Avenue property. And, as to the United States, it too filed secured claims in the bankruptcy case but has no claims pending in this action. The United States argues Defendants miscomprehend the effect of the Order of Discharge. The Court agrees. As the Tenth Circuit stated to another debtor who argued that a secured creditor violated the automatic stay and discharge injunction with a post-discharge foreclosure on secured property:

> He [debtor] fails to appreciate the difference between the discharge of their personal obligation on the loan secured by the property and Wells Fargo's [creditor] continued interest in the property via the security instrument. The former was discharged, the latter was not.

*Jester v. Wells Fargo Bank N.A.* (*In re Jester*), 656 F. App'x 425, 428 (10th Cir. 2016). Thus, there is no basis to find any violation as Defendants claim or to dismiss this action.

### III. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

(1) Defendants' Objections to Magistrate Judge's Final Pretrial Order (ECF No. 369) is

   **OVERRULED**; and

(2) Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 371)

   is **DENIED**.

DATED this 30th day of April, 2018.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge