**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 14-cv-00955-RM-SKC

LNV CORPORATION,

    Plaintiff,

v.

M. JULIA HOOK, an individual,
THE PRUDENTIAL HOME MORTGAGE, INC.,
UNITED STATES OF AMERICA,
SAINT LUKE'S LOFTS HOMEOWNER ASSOC. INC.,
DEBRA JOHNSON, in her official capacity as the Public Trustee of the City and County of Denver, Colorado, and
DAVID L. SMITH, an individual,

    Defendants.

---

## ORDER
---

This matter is before the Court on the following matters: (1) Plaintiff's Motion to Enjoin Further Pro Se Pleadings or, in the Alternative, to Withdraw the Reference or Stay Adversary Proceeding (the "Motion to Enjoin") (ECF No. 427); (2) Defendants Hook and Smith's Motion to Strike, for Sanctions and for Order to Show Cause (the "Motion to Strike") (ECF No. 428); (3) Plaintiff's Request for a Status Conference (the "Motion for Conference") (ECF No. 430); (4) Defendants Hook and Smith's Motion for Sanctions against Plaintiff LNV Corporation and its Counsel, Duncan E. Barber and Julie A. Trent (ECF No. 431); (5) Defendants Hook and Smith's Motion for Sanctions against the United States of America and its Counsel at the U.S. Department of Justice in Washington, DC (ECF No. 432)[1]; and (6) Defendants Hook and Smith's Request for Evidentiary Hearing on Motions for Sanctions (the "Motion for Hearing") (ECF No. 433). The

---
[1] The motions for sanctions are collectively referred to herein as "Motions for Sanctions."

Court has considered the motions and any responses thereto; taken judicial notice of the court record as well as the record before the Bankruptcy Court in Adversary Proceeding No. 18-1250-TBM (Bankr. D. Colo.) (the "Adversary Proceeding"); and is otherwise fully advised concerning the matters at issue. Upon being fully informed the Court finds and orders as follows.

I. **The Motions**

A. **Motion to Enjoin and Motion to Strike**

Defendants Hook and Smith (hereafter, collectively, "Defendants") have filed the Adversary Proceeding against Plaintiff LNV, using their Verified Answer filed in this action (14-cv-955) as their complaint in the Adversary Proceeding (Adv. Proc. ECF No. 1 & No. 1-1). Not surprisingly, Plaintiff requests this Court to enjoin Defendants from filing further *pro se*[2] pleadings in this case or any other case (including the Adversary Proceeding) arising from the same facts and claims before this Court. In the alternative, Plaintiff requests this Court to withdraw the reference or stay the Adversary Proceeding.

Defendants' response consists of their Motion to Strike. In that motion, Defendants argue the Motion to Enjoin should be stricken, and sanctions entered, because (1) Plaintiff's continuation of this litigation allegedly violates the Bankruptcy Court's automatic stay, discharge order, and discharge injunction; (2) Plaintiff's Motion to Enjoin was improperly filed during Defendant Hook's appeal; (3) Plaintiff's Motion to Enjoin allegedly falsely accuses Defendants of filing a frivolous proceeding; and (4) Plaintiff's request for withdrawal of reference should have been filed in the Bankruptcy Court. The Court agrees with Defendants' last argument, but rejects the rest as specious, and frivolous.

First, Defendants' argument concerning any alleged violations of the Bankruptcy Court's

---
[2] Defendants are lawyers who appear *pro se*.

2

rules or orders have been ***repeatedly rejected***. Defendants simply refuse to accept the Court's ruling, without any legal or factual basis. Next, the Tenth Circuit Court of Appeals dismissed Defendant Hooks' appeal on August 28, 2018; Plaintiff's Motion to Enjoin was filed *thereafter* on September 17, 2018. (ECF Nos. 426, 427.) Third, Plaintiff's argument concerning Defendants' filing of the Adversary Proceeding is far from false. On the contrary, Defendants are improperly seeking to have the Bankruptcy Court hear and decide what this Court has already decided.

This leads the Court to Defendants' last argument – where Plaintiff's request for the withdrawal of the reference should have been filed. This District's Local Rules do provide that a motion of withdrawal of reference – although to be heard by the district court – is to be filed with the clerk of the bankruptcy court, D.C.COLO.LCivR 84.1(d)(1), but the Court finds that failure to be insufficient to strike the request. Regardless, 28 U.S.C. § 157(d) also allows the Court to withdraw a reference on its own motion. And, upon consideration of the record, the Court agrees that good cause exists for the withdrawal of the reference to the Bankruptcy Court. Thus, in this instance, the Court need not consider Plaintiff's other argument that filing restrictions should be entered.[3] The Court denies that request without prejudice.

**B. The Motion for Conference**

Plaintiff requests a status conference to address the order of foreclosure and pending motions. The pending motions, however, have now all been addressed and, as set forth in Order on Attorney's Fees and Costs issued concurrently with this Order, the Court is prepared to issue the Order of Foreclosure and Judicial Sale forthwith upon the resolution of the remaining issue in this case. Thus, this motion is denied as moot.

---

[3] The Court recognizes Plaintiff admits its Motion to Enjoin which seeks filing restrictions may need to be a standalone motion and, if so, withdraws the alternate relief of withdrawing the reference or staying the Adversary Proceeding. However, the Court finds withdrawal of the reference is the appropriate remedy in this instance.

### C. The Motions for Sanctions and Motion for Hearing

Defendants' Motions for Sanctions merit no discussion. The Court finds Defendants' legal contentions are not warranted under existing law, or by any nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. The Court further finds that any evidentiary contentions, which are virtually nonexistent, are not warranted based on the record. Accordingly, they are summarily denied. As, as they are denied, Defendants' Motion for Hearing on their Motions for Sanctions is moot.

## II. CONCLUSION

Defendants' papers continue to argue the same matters about their bankruptcy, its alleged effect, and Plaintiff's and the United States' alleged violations of the Bankruptcy Court's rules and orders, all of which this Court has repeatedly rejected. The record at hand shows Defendants have a lengthy and abusive filing history, as demonstrated by, *inter alia*, their two adversary proceedings filed before the Bankruptcy Court which consist of nothing more than that which this Court has already decided against them in this case. This Order puts Defendants on notice that if this conduct continues, the Court will *sua sponte* consider entering appropriate sanctions (including, but not limited to, filing restrictions and dismissing duplicative filings and actions) to preclude Defendants from continuing to abuse the judicial process, waste scarce judicial resources, and prejudice the other parties with their groundless and frivolous filings. *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (Federal courts have inherent authority to regulate abusive litigants "by imposing carefully tailored restrictions in appropriate circumstances.").

Based on the foregoing, it is therefore ORDERED

(1) That Plaintiff Motion to Enjoin Further Pro Se Pleadings or, in the Alternative, to

Withdraw the Reference or Stay Adversary Proceeding (ECF No. 427) is GRANTED in that the Court will withdraw the reference of Adversary Proceeding No. 18-125-TBM, but is DENIED WITHOUT PREJUDICE as to Plaintiff's request to enjoin further pro se filings;

(2) That Defendants Hook and Smith's Motion to Strike, for Sanctions and for Order to Show Cause (ECF No. 248) is DENIED;

(3) That Plaintiff's Request for a Status Conference (ECF No. 430) is DENIED AS MOOT;

(4) That Defendants Hook and Smith's Motion for Sanctions against Plaintiff LNV Corporation and its Counsel, Duncan E. Barber and Julie A. Trent (ECF No. 431) is DENIED;

(5) That Defendants Hook and Smith's Motion for Sanctions against the United States of America and its Counsel at the U.S. Department of Justice in Washington, DC (ECF No. 432) is DENIED;

(6) That Defendants Hook and Smith's Request for Evidentiary Hearing on Motion for Sanctions (ECF No. 433) is DENIED; and

(7) That the Clerk shall forthwith notify the Clerk of the Bankruptcy Court of this Order.

DATED this 4th day of April, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge