**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 14-cv-00955-RM-SKC

LNV CORPORATION,

      Plaintiff,

v.

M. JULIA HOOK, an individual,
THE PRUDENTIAL HOME MORTGAGE, INC.,
UNITED STATES OF AMERICA,
SAINT LUKE'S LOFTS HOMEOWNER ASSOC. INC.,
DEBRA JOHNSON, in her official capacity as the Public Trustee of the City and County of
Denver, Colorado, and
DAVID L. SMITH, an individual,

      Defendants.

_____

**ORDER OF FORECLOSURE AND JUDICIAL SALE**
_____

      Based on the findings, conclusions, and orders issued in the Court's previous Orders (ECF

Nos. 301, 303, 320, 404, 436) (collectively, "Orders"), the Court enters this Order of Foreclosure

and Judicial Sale pursuant to the provisions of 28 U.S.C. §§ 2001 & 2002.   In accordance with the

foregoing, the Court hereby ORDERS as follows:

      1.     This Order of Foreclosure and Judicial Sale pertains to a parcel of real property and

improvements located in the City and County of Denver, State of Colorado, and more particularly

described as Lot 1, Block 1, Crestmoor Park, City and County of Denver, State of Colorado,

commonly known as 5800 East 6th Avenue, Denver, Colorado 80220 (the "Property").

      2.     Plaintiff LNV Corporation ("LNV") has a valid first priority lien on the Property,

arising from the Deed of Trust dated May 8, 2002 and recorded on May 16, 2002 in the real

property records of the City and County of Denver, State of Colorado, under Reception No. 2002090105 (the "Deed of Trust"). (*See* Orders dated March 13, 2017 (ECF No. 301); March 14, 2017 (ECF No. 303); June 28, 2017 (ECF No. 320); and June 21, 2018 (ECF No. 404).)

3.     The United States has valid federal tax liens against Defendants M. Julia Hook and David L. Smith ("Hook and Smith") as set forth in the Court's March 14, 2017 Order (ECF No. 303), which are second in priority to LNV's Deed of Trust against the Property.

4.     Pursuant to this Court's Orders, the Deed of Trust is to be foreclosed under 28 U.S.C. §§ 2001 and 2002 and in accordance with this Order of Foreclosure and Judicial Sale. The United States Marshal, or his or her representative, is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Property free and clear of all right, title, lien, claim, and interest in or to the Property.

5.     This Order of Foreclosure and Judicial Sale shall act as a special writ of execution and no further orders or process from the Court shall be required.

6.     Upon entry of this Order of Foreclosure and Judicial Sale, the United States Marshal, or his or her representative, is authorized to have free access to the Property and to take all actions necessary to preserve the Property, including, without limitation, retaining a locksmith or other person to change or install locks or other security devices on any part thereof, until a deed thereto is delivered to the ultimate purchaser(s).

7.     The terms and conditions of the sale are as follows:

     a.     Except as otherwise stated herein, the sale of the Property shall be by public auction to the highest bidder, free and clear of all right, title, lien, claim, and interest in or to the Property, including, but not limited to, all parties to this

2

action.   The United States Marshal (sometimes referred to herein as "Marshal"), or his or her representative, shall sell the Property and any personal property (as set forth in Paragraph 9) "AS IS," without any warranties, general or implied.

b.    The sale shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the premises, and easements and restrictions of record, if any.

c.    The sale shall be held at the United States District Court for the District of Colorado, on the Property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002, at a date and time announced by the United States Marshal, or his or her representative.

d.    Notice of the sale shall be published once a week for at least four consecutive weeks before the date fixed for the sale in at least one newspaper regularly issued and of general circulation in the City and County of Denver, Colorado, and, at the discretion of the Marshal, or his or her representative, by any other notice that it may deem appropriate.   State or local law notice requirements for foreclosures or execution sales do not apply to this sale under federal law, and state or local law regarding redemption rights do not apply to this sale.   The notice of sale shall describe the Property and shall contain the material terms and conditions of sale in this Order of Foreclosure and Judicial Sale.

e.    The minimum bid will be set by LNV as a credit bid on the amounts owed

LNV as set forth in the Court's Orders of June 28, 2017 (ECF No. 320), June 21, 2018 (ECF No. 404), and March 5, 2019 (ECF No. 436) (collectively, the "Money Judgment").   LNV is authorized and permitted to credit bid at the sale against the Money Judgment.

f.   Bidders (other than LNV) shall be required to deposit, at the time of sale with the Marshal, or his or her representative, a minimum of 10 percent of the bid, with the deposit to be made by a certified or cashier's check payable to the United States District Court for the District of Colorado.   Before being permitted to bid at the sale, bidders shall display to the Marshal, or his or her representative, satisfactory proof of compliance with this requirement.

g.   The balance of the purchase price of the Property in excess of the deposit tendered shall be paid to the Marshal, or his or her representative, within 30 business days after the date the bid is accepted, by a certified or cashier's check payable to the United States District Court for the District of Colorado.   If the successful bidder or bidders fail to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied as described herein, below.   The Property shall be again offered for sale under the terms and conditions of this Order of Foreclosure and Judicial Sale or, in the alternative, sold to the second-highest bidder, as determined by the Marshal, or his or her

representative.  LNV may bid as a credit against the Money Judgment without tender of cash.

h.    The sale of the Property shall not be final until confirmed by this Court. The Marshal, or his or her representative, shall file a report of sale with the Court within 15 days from the date of receipt of the balance of the purchase price.

i.    Upon confirmation of the sale by order of this Court, the Marshal, or his or her representative, shall promptly execute and deliver a deed of judicial sale conveying the Property to the purchaser(s).

j.    Upon confirmation of the sale by order of this Court, all right, title, lien, claim, and interest in or to the Property including, but not limited to, those held or asserted against the Property by any of the parties to this action and any successors in interest or transferees of those parties shall be discharged and extinguished, except as otherwise provided by applicable ordinance or regulation of the City and County of Denver, State of Colorado, with respect to liens in favor of such City and County.

k.    The sale is ordered pursuant to 28 U.S.C. § 2001.  Redemption rights under state or local law shall not apply to this sale under federal law.

l.    Upon confirmation of the sale by the Court, the purchaser or purchasers are responsible for having the Recorder of Deeds cause the transfer of the Property to be reflected in the county real property records.

8.    Until the Property is sold, M. Julia Hook and David L. Smith (hereafter, "Hook and

Smith") shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures, and appurtenances thereon) including, without limitation, maintaining fire and casualty insurance policies on the Property. Hook and Smith shall keep current in paying real property taxes as they are assessed. Hook and Smith shall not commit waste against the Property, nor shall they cause or permit anyone else to do so. Hook and Smith shall not do anything that tends to reduce the value or marketability of the Property, nor shall they cause or permit anyone else to do so. Hook and Smith shall not record any instruments, publish any notice, or take any other action that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public sale, nor shall they cause or permit anyone else to do so. Violation of this paragraph shall be deemed a contempt of Court and punishable as such.

9.      All persons occupying the Property shall leave and vacate permanently the Property no later than 15 days after the entry of this Order of Foreclosure and Judicial Sale, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances) when leaving and vacating. If any person fails or refuses to leave the Property by the time specified in this Order of Foreclosure and Judicial Sale, the United States Marshal is authorized to take whatever action it deems appropriate, including using reasonable force to enter into the Property and forcibly remove or eject such person or persons from the premises. The United States Marshal is further authorized and directed to arrest and/or evict from the premises any and all persons who obstruct, attempt to obstruct, or interfere or attempt to interfere in any way with the execution of this Order of Foreclosure and Judicial Sale. If any person fails or refuses to remove his or her personal property from the Property by the time

specified herein, the personal property remaining at the Property thereafter is deemed forfeited and abandoned, and the United States Marshal, or his or her representative, is authorized and directed to remove and dispose of it in any manner they see fit, including sale, in which case the proceeds of sale are to be applied first to the expenses of sale and the balance to be paid into the court registry for further distribution.

10.     Notwithstanding the terms of the immediately preceding paragraph, if, after the sale of the Property is confirmed by this Court, the Property remains occupied, a writ of assistance may, without further notice, be issued by the Clerk of Court pursuant to Rule 70 of the Federal Rules of Civil Procedure to compel delivery of possession of the Property to the purchaser or purchasers thereof.

11.     If Hook and Smith or any other person occupying the Property vacate the Property prior to the deadline set forth in Paragraph 9, above, such person shall notify counsel for LNV no later than two (2) business days prior to vacating the Property of the date on which he or she is vacating the Property.   Notification shall be made by email to attorney Duncan Barber at dbarber@sbbolaw.com.

12.     The Marshal shall deposit the amount paid by the purchaser into the registry of the Court within 15 days of receipt.

13.     All funds tendered to the Court for deposit shall comply with Fed. R. Civ. P. 67 and D.C.COLO.LCivR 67.2.

13.     Upon stipulation of the parties or by appropriate motion by LNV for disbursement and confirmation of sale, filed in accordance with D.C.COLO.LCivR 67.2 within 30 days of the completion of the sale of the Property, the Court will issue an order to disburse the funds in the

following order of preference until these expenses and liens are satisfied:

(a)     To LNV for allowed costs and expenses of sale, including any commissions due under 28 U.S.C. §1921(c) and including an amount sufficient to cover the costs of any steps taken to secure or maintain the Property pending sale and confirmation by the Court;

(b)     To LNV to satisfy or partially satisfy the amounts owed LNV as set forth in the Court's Orders of June 28, 2017 (ECF No. 320), June 21, 2018 (ECF No. 404), and March 5, 2019 (ECF No. 46);

(c)     To the United States of America to satisfy or partially satisfy the outstanding federal tax liabilities of Hook and Smith, which are liens against the Property as set forth in the Court's March 14, 2017 Order (ECF No. 303); and

(d)     Any proceeds remaining after the above payments shall be held by the Clerk until further of the Court upon motion filed by the parties.

SO ORDERED.

DATED this 5th day of April, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge